## SMART v. BEMENT.

### December, 1866.

A *bona fide* assignee for value, of a mortgage of land, originally given as consideration for a fraudulent transfer of the land, may foreclose the mortgage, notwithstanding the transfer has been adjudged void as against creditors.*

In a foreclosure suit, defendants, who do not set up any equities as against plaintiff, should not be allowed to litigate between themselves, before a judgment, the question of their priorities of right in the fund or their equities as to the order of sale of parcels of the property, but the plaintiff should have the usual judgment of sale.

*It seems,* that where a transfer is set aside as fraudulent as against creditors, a mortgage, given by the fraudulent transferee in consideration of the transfer, and assigned to a *bona fide* purchaser for value, is, as between the parties to the fraud and their creditors, chargeable wholly to the former ; and on its foreclosure the creditors are entitled to the whole surplus.

Joseph Smart brought this action, in the supreme court, against Egbert Bement and his wife, Isaac Hyde, Jr., Valen-

---

* See Malony v. Horan, 12 *Abb. Pr. N. S* 289.

tine Everit, and the Bank of Binghamton, to foreclose a mortgage.

William B. Bement, a farmer and mill owner, having indorsed largely for an insolvent man, but still having property sufficient to meet all liabilities, conveyed half of his mill and farm to his son Egbert, pursuant to an arrangement by which the son, instead of leaving home, was to remain and assist in carrying on the business.

Some time subsequently, the father, becoming involved, transferred all his real and personal estate to the son. In consideration of this transfer the son gave the father a mortgage for three thousand five hundred dollars, which the father transferred for value to Smart, the present plaintiff. Hyde and Everit, who were creditors of the father, brought an action against the father and son, and had this latter assignment set aside, for fraud as against creditors. In that action, Smart, the holder of the mortgage, was not made a party, and the validity of the mortgage in his hands was in effect conceded.

Hyde and Everit having thus set aside the second conveyance of an undivided half, issued execution and sold the father's share of the property, and purchased it themselves.

The son also brought an action against his father for a partition of the farm between them, in which he had one-half set off to him by metes and bounds.

When Smart brought the present action to foreclose his mortgage, the only question raised was the question between Egbert Bement on the one side, and Hyde and Everit on the other, as to which part of the land should be sold first.

The judge directed a sale in parcels, the first parcel to be sold being that set off in partition to William B. Bement; and in case that be not sufficient to satisfy the mortgage debt and costs, then to sell the part set off to Egbert Bement.

*The supreme court,* at general term, on appeal from the judgment, were of opinion that the legal consequence of setting aside the deed or assignment was to avoid the purchase money mortgage, and that the defendants, had they raised this defense against the plaintiff, might have had the mortgage declared void (citing 11 *Paige,* 469; 5 *Den.* 645; 20 *Wend.*

24; 4 *Hill*, 424) ; and that on these authorities Egbert Bement, the son, could take advantage of the mortgage being void as against Hyde and Everit, the judgment creditors, and that the latter, having procured the deed on which the mortgage rested to be declared void, were estopped from claiming that it was valid as against the son. They were, however, of opinion that these defendants who were thus litigating this question with each other, had mistaken their remedy, and that they should, instead of asking the court to shift the liability incurred by their omission to defend against the plaintiff, from each to the other, have defended against all liability by proper allegations and proofs against the plaintiff.

Therefore, the only judgment which the court could properly give, since all the defendants had omitted to defend against the plaintiff, was the usual one in foreclosure cases; that the mortgaged premises, or so much thereof as may be necessary to make the requisite amount, be sold, without discriminating in favor of the one or the other.

They accordingly modified the judgment rendered at special term, and decreed, 1, that the premises mortgaged be sold without discriminating in favor of either of the defendants; 2, that the mortgage of the plaintiff be paid out of the proceeds; 3, that the surplus moneys, if any, belonged, one half to Egbert Bement the other half to Hyde and Everit; 4, that Egbert Bement pay the deficiency, if any.

From this judgment the defendants Egbert Bement and Hyde and Everit respectively appealed.

*A. J. Vanderpoel*, for defendants, appellants;—Cited Judgment at special term in H. & E. *v.* Bement, 308, 309; Judgment at general term, 369; *Edw. on Part. in Chy.* 247; Chanley *v.* Lord Dusany, 2 *Scho. & Lef.* (Appendix), 690–710–718; Cowrey *v.* Caulfield, 2 *Ball & B.* 255; *Code*, § 274, subd. 1; Ogden *v.* Glidden, 9 *Wis.* 46; McDonald *v.* Neilson, 2 *Cow.* 141; *Francis's Max.* 2; Masters *v.* Miller, 4 *T. R.* 320–329; Lord MANSFIELD, Cadogan *v.* Kennett, *Cowp.* 434; *Rob. on Fraud. Conv.* 520; Meux *v.* Howell, 4 *East*, 1; Henriques *v.* Hone, 2 *Edw. Ch.* 120; Drinkwater *v.* Drinkwater, 4 *Mass.* 354; Waterbury *v.* Westervelt, 9 *N. Y.* (5 *Seld.*) 598–605;

Chapin v. Pease, 10 *Conn.* 63–73; *Willard Eq.* 240, cases cited; *Story Eq.* § 371; 2 *R. S.* 370, § 46; Pettus v. Smith, 4 *Rich. Eq.* 197–199, 204–205; Sands v. Codwise, 4 *Johns.* 536; KENT, Ch. J., opinion, 598, &c.; YATES, J., opin. 585–586; Bean v. Smith, 2 *Mason*, 252–294; Holland v. Cruft, 20 *Pick.* 321; Miller v. Tolleson, 1 *Harp. Ch.* 145; Boyd v. Dunlap, 1 *Johns. Ch.* 478-482; Judd v. Seaver, 8 *Paige*, 548; Braman v. Hess, 13 *Johns.* 52; Brown v. Mott, 7 *Id.* 361; Munn v. Commiss. Co., 15 *Id.* 44; 2 *R. S.* 317, § 1; *Willard Eq. Jur.* 699; Clapp v. Bromagham, 9 *Cow.* 530; reversing Bromagham v. Clapp, 5 *Id.* 295; Striker v. Mott, 2 *Paige*, 387; Westfall v. Jones, 23 *Barb.* 9; Nellis v. Clark, 20 *Wend.* 24; Same v. Same, 4 *Hill*, 424; Niver v. Best, 10 *Barb.* 369; Holman v. Johnson, *Doug.* 341–3; Ellis v. Messervie, 11 *Paige*, 467; Evans v. Ellis, 5 *Den.* 645; Union Ins. Co. v. Van Rensselaer, 4 *Paige*, 85; Mackie v. Cairns, 5 *Cow.* 548; Crandall v. Hoysradt, 1 *Sand. Ch.* 40.

*Ausburn Birdsall*, attorney for defendants, appellants;—Cited 1 *Pars. on Cont.* 385; 3 *R. S.* 691, §§ 109–110; Case v. Boughton, 11 *Wend.* 106; Russell v. Rogers, 15 *Id.* 351; Brockway v. Wells, 1 *Paige*, 617; Jackson v. Parkhurst, 4 *Wend.* 369; Matter of Howe, 1 *Paige*, 125; Nellis v. Clark, 20 *Wend.* 24; affirmed in the court for correction of errors, 4 *Hill*, 424; Paxton v. Popham, 9 *East*, 421; Armstrong v. Taber (MARSHALL'S opinion), 11 *Wheat.* 257; Wheeler v. Russell, 17 *Mass.* 258; Smith v. Hubbs, 1 *Fairfield*, 71; Evans v. Ellis, 5 *Den.* 645; Tylee v. Yates, 3 *Barb.* 225; Ellis v. Messervie, 11 *Paige*, 469.

WRIGHT, J., delivered the following opinion:

[After stating facts.] Upon this narrow question raised between the defendants, as to what part, or which interest in the mortgaged premises, that of the defendant Egbert Bement or that which his father as alleged fraudulently attempted to convey to him in October, 1854, should be first sold under the foreclosure judgment, the action has been pending for nearly six years. The question was one in which the plaintiff had no interest whatever; for the whole premises were subject to the

lien of his mortgage. The contest has been conducted wholly between the defendants Hyde and Everit, on one side, and the defendant Bement, on the other. Certainly it was of no consequence to the plaintiff, whether Bement's claim, or Hyde and Everit's claim, as to the order of sale, should be preferred; nor could the rights and equities of each defendant as against the other, and on which their respective claims were alleged to depend, be determined in the action. There were no issues of that kind raised by the pleadings. When all the facts as between defendants on the record are before the court, it may have power to determine issues and adjust equities between them; but it is not bound to do so, especially if there be any right of the plaintiff on the record which may be impaired or invaded. That the defendants substantially asked by their answers the insertion of a clause in the decree of sale that might jeopard the interests of the plaintiff, seems to me apparent. Bement was the owner of an undivided half part of the mortgaged premises, and Hyde and Everit held the sheriff's certificate of sale, but no deed of the other undivided half part. In effect, the claim was on the part of Bement that the judgment should contain a provision that the undivided interest claimed by Hyde and Everit in the whole mortgaged premises (for that was the interest they had, if any), should be first sold; and on the part of Hyde and Everit, that Bement's undivided interest should be first sold—not that the farm or mortgaged premises should be sold in specific parcels, as the interest of each party, as alleged, was in the whole. It was easy to see that such a provision might injuriously affect the plaintiff in the collection of his mortgage debt. Yet the judge at special term (under the plaintiff's objection) proceeded to try the issues between the defendants, raised by their answers. Testimony was received wholly on their part, sometimes under objection of one party and then again by the other. Hyde and Everit were allowed to introduce the record of a judgment in an action between themselves and the Bements, to which the plaintiff was not a party, and in which judgment it was provided in express terms that his rights as assignee of the mortgage should not be prejudiced thereby, declaring the deed from William B. Bement to Egbert Bement,

IV.—17

of the date of October 20, 1854, conveying an undivided half of the mortgaged premises, fraudulent and void as to Wm. B. Bement's creditors, and setting the same aside; to prove, also, the sale, by the sheriff, under one of these executions, on March 10, 1859, of the real estate embraced in and covered by such deed; that they became the purchasers and received the sheriff's certificate of sale, and still owned them; and that the only consideration for the bond and mortgage in suit was the conveyance of October 20, 1854. Bement was also permitted to show the sale and assignment, by William B. Bement, of the bond and mortgage to the plaintiff, and the application of the proceeds thereof to the payment of Bement's debts; also, to introduce in evidence a judgment entered in January, 1860, in an action in the supreme court, wherein he was plaintiff, and William B. Bement was defendant, partitioning the mortgaged premises between them.

[The learned judge here recited the findings in the present action, the substance of which is fully stated above, and continued as follows:]

If there be any merit in the appeal of either of the parties, I have failed to discover it. The plaintiff has obtained, by the judgment of the general term, what I think he was originally entitled to upon the pleadings. He was the assignee of a mortgage covering the whole premises; and no issue was anywhere raised by the pleadings that the amount claimed was not due, nor that the mortgage was not wholly valid in his hands. But if the view be incorrect, that he should have had the judgment appealed from on the pleadings, the case will be searched in vain for any evidence to impeach the validity of the mortgage in his hands, or to show that he was not entitled to enforce it against the entire premises. Clearly, the defendants, as against the plaintiff, have no ground for appeal.

The judgment should be affirmed.

LEONARD, J., delivered the following opinion:

The court below have wholly mistaken the effect of the fraudulent transaction of October, 1854, between the debtor and his son. They were each equally culpable, and the law has no partiality for either of them.

Smart *v.* Bement.

The judgment declaring the conveyance of October 20 to have been made to hinder, delay and defraud the creditors of William B. Bement, and void as to them, and directing a sale of the lands thereby granted, to satisfy the executions of the said creditors, granted no relief to the parties to the said fraud. As to them, the transaction remained as it was before. Neither could allege their own turpitude as a ground for setting aside the deed or the mortgage. They were forever estopped by those instruments. There was no revesting of the title to the land in William B. Bement by the judgment declaring his conveyance null and void as against Hyde and Everit. The father and son did not thereby again become tenants in common of the land, as if no conveyance had been executed. It was only for the purpose of relief to creditors that the land was subjected to their debt, as if no deed had been executed. Hence, there could be no partition of the lands between William B. and Egbert Bement. As between them, the conveyance was a barrier to their ownership in common. The general term appear to have so considered it, as they refuse to direct a sale in the inverse order of alienation, according to the usual rule in equity, but direct the sale of the mortgaged premises without respect to the division which had taken place.

The effect of this modification, and the further direction to divide the surplus money arising from the mortgage sale between Hyde and Everit and Egbert Bement, is to charge the share conveyed by the fraudulent deed with one-half of the mortgage debt, interest and cost. It gives to Egbert Bement a large portion of the benefit derived from his fraudulent transaction, and to that extent the creditors of William B. Bement are still hindered, delayed and defrauded. What is there in the facts which gives rise to this tenderness for Egbert Bement? The fact found by the judge, that he received no consideration for the mortgage, is wholly immaterial. The want of consideration, arising from the defeat of the fraudulent transaction, is a fact which Egbert is estopped by his mortgage from setting up, either as against his father or any other holder. Were the mortgage held by his father, neither would have any rights which would call for or permit a sale by foreclosure of that

portion of the land covered by the fraudulent deed. Nor does the fact, also found by the judge, that William B. Bement applied the proceeds of the sale of the mortgage to the payment of his just debts, in any manner sanctify the fraud. The hindrance and fraud, and the consequent damage to creditors, must be overcome, as far as it is in the power of a court of equity to do it, without injury to the rights of innocent third parties.

Had Egbert paid the money for the conveyance of October 20, and had the transaction been committed to hinder, delay and defraud creditors, neither the payment of the money nor its subsequent honest application by the debtor to the payment of other debts would have saved the premises so conveyed from being subjected by a decree in equity to the executions of judgment creditors; and such would have been the result, without any regard to protecting Egbert, or making the money paid by him a prior equitable charge upon the land which he had sought fraudulently to acquire. It is his misfortune, as it was his fault, that this incumbrance was created, and not that of Hyde and Everit. Egbert Bement must bear the consequences resulting from the injuries inflicted upon his father's creditors by the fraudulent act to which he was a voluntary party. A court of equity can extend no protection to Egbert Bement in this transaction, without visiting upon the creditors some portion of the injury arising from the fraud, and, to that extent, making the fraud operative. The plaintiff has purchased a security, of no validity as a lien upon the land conveyed by the fraudulent deed, in the hands of the mortgagee, as against his creditors. It is the purchase by the plaintiff, in good faith and for value, that gives it any validity in his hands, as against the interest acquired by Hyde and Everit. The plaintiff became the owner before the creditors of William B. Bement had made any claim, or given any notice of their equitable rights, affecting a portion of the land covered by the mortgage.

The defendant Egbert Bement made the claim by his answer; and it is between him and Hyde and Everit that the litigation has been conducted. It was necessary for Hyde and Everit to appear and defend, to protect their interest. They are entitled to costs of their whole defense and of the appeals

Smart v. Bement.

taken against the defendant, Egbert Bement, whose unfounded claims have rendered the defense and the appeals necessary.

The decree should be modified, by directing a sale of the interest of the defendant, Egbert Bement, in the first instance, and payment of the mortgage, with interest and costs. In case there is a surplus, it should be applied to the costs of Hyde and Everit, as far as necessary, and the surplus to be paid into court. Should the sale of the interest of Egbert fail to produce the sum reported due, with interest from October 27, 1854, and the plaintiff's costs, then the interest purchased by Hyde and Everit at the sheriff's sale should be sold to raise the deficiency, and the surplus to be paid into court. No costs should be allowed as between the plaintiff and Hyde and Everit, nor as between the plaintiff and Egbert Bement, upon this appeal, nor of the appeals to the general term of the supreme court, as no judgment in favor of the plaintiff has at any time been correct. The defendants Hyde and Everit should recover the costs of their defense, and of the appeal to the general term and to this court against the defendant Egbert Bement.

THE COURT, on further consideration, were of opinion that the provision of the judgment appealed from, which awarded half the surplus to Egbert Bement and the other half to Hyde and Everit, was erroneous, but that the judgment was in other respects correct. They accordingly affirmed the judgment, with costs to the plaintiff, with a modification striking out from the judgment the words " that the surplus moneys, if any there be, arising from such sale, belongs one-half to Egbert Bement, and the other half to the said Hyde and Everit," and inserted in lieu thereof, " that said surplus moneys, if any there be, be brought into the supreme court to abide its further order." And that no costs on the appeal be allowed to either of the defendants as against the others.

In this conclusion all the judges were understood to concur, except POTTER, J., not sitting.

Judgment modified accordingly.