THOMAS SIMPSON, Jr., Appellant, *v.* EUPHEMIA P. DEL HOYO, Impleaded, etc., Respondent.

| 94 | 189 |
|----|-----|
| 115 | 505 |
| 94 | 189 |
| 116 | 303 |

| 94 | 189 |
|----|-----|
| d160 | 49 |
| j160 | 68 |

As against a purchaser in good faith and for value of a mortgage upon land, executed by one in possession of and holding the legal title to the land, the grantor of the mortgagor is estopped from claiming that the conveyance was induced by fraud on the part of the latter.

Although the mortgage may have been assigned successively to several participants in the fraud or *mala fide* purchasers, having reached the hands of a *bona fide* purchaser for value, the rights and equities of the defrauded grantor are cut off.

The rule that the purchaser of a non-negotiable chose in action takes it subject to all the equities existing between the original parties, and to all the latent equities of third persons does not apply.

In such a case, however, the fraud being established, the burden is upon the holder of the mortgage, of proving both that he purchased for value and in good faith.

In an action to foreclose such a mortgage it appeared that the land had been reconveyed to the original owner by the fraudulent purchaser and that the former had after the reconveyance, and in ignorance of the plaintiff's mortgage, made payments upon a mortgage which was a lien upon the premises at the time of the conveyance by her. *Held,* that she was entitled to be subrogated to an interest in the prior mortgage equal to the sums so paid.

(Argued November 19, 1883 ; decided December 4, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made February 3, 1882, which affirmed a judgment in favor of defendant, Del Hoyo, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage executed by the defendant Rosa Lowenstein to Henry Lowenstein, and by him assigned to plaintiff.

The material facts are stated in the opinion.

*Abram Kling* for appellant. The right of the plaintiff to recover in this action does not depend upon the actual title or authority of Rosa H. Lowenstein, with whom he dealt, but rests upon the acts of the defendant Del Hoyo in clothing her grantee with the apparent ownership of the property, and right of disposition, which precludes her from disputing the title or authority she has apparently conferred. (*McNeil* v. *Seventh Nat. B'k,* 46 N. Y. 335; *Moore* v. *Metropolitan Nat. B'k,* 55 id. 41; *Dillaye* v. *Commercial B'k,* 51 id. 345; *N. Y. & N. H. R. R.* v. *Schuyler,* 34 id. 60; *People* v. *B'k of North America,* 75 id. 549; *First Nat. B'k* v. *Stiles,* 22 Hun, 345; *Fitzgerald* v. *Fuller,* 19 id. 180; *Caldwell* v. *Bartlett,* 3 Duer, 341; *Keyser* v. *Harbeck,* id. 371; *Zink* v. *People,* 77 N. Y. 114.) Where property is obtained by fraud the owner has no remedy against a *bona fide* purchaser of the same. (*Bassett* v. *Spofford,* 45 N. Y. 392; *Zink* v. *People,* 77 id. 121.) An assignee of a mortgage takes the same subject to the equities of third persons, except where such person, by reason of his act, has misled the assignee, when an estoppel will operate against the party whose act created it. (*Moore* v. *Metropolitan B'k,* 55 N. Y. 41; *McNeil* v. *Fourth Nat. B'k,* 46 id. 325; *Green* v. *Warnick,* 64 id. 220, 224.) The plaintiff is protected by the Recording Acts, being a purchaser in good faith for a valuable consideration. (2 R. S. [6th ed.] 1138, § 1; *Decker* v. *Boice,* 83 N. Y. 215; *Page* v. *Waring,* 76 id. 469; *Acer* v. *Westcott,* 46 id. 384; *Stuyvesant* v. *Hall,* 2 Barb. Ch. 151; *Hall* v. *Nelson,* 23 Barb. 88; *Viele* v. *Wilson,* 82

N. Y. 32; *Williamson* v. *Brown*, 15 id. 354; *Campbell* v. *Vedder*, 1 Abb. Ct. App. 295; *Gage* v. *Waring*, 76 N. Y. 469; *Purdy* v. *Mitchell*, 42 id. 334; 3 Washburn on Real Property, 283; Gerard on Titles [2d ed.], 592.) A party who can call a competent witness cannot give evidence of his declarations. (*Budd* v. *Dana*, 12 Wend. 142.) In no event could the declarations of Lowenstein, as the former assignor of the plaintiff, be admitted in evidence to attack the assignment or mortgage as against the plaintiff, who is a subsequent purchaser for value. (*Paige* v. *Cagwin*, 7 Hill, 361; *Booth* v. *Swezy*, 8 N. Y. 276; *Tousley* v. *Barry*, 16 id. 497; *Earle* v. *Clute*, 2 Abb. Ct. App. 1; *Bullis* v. *Montgomery*, 50 N. Y. 352; *Foot* v. *Beecher*, 7 Abb. N. C. 358.)

*John M. Bowers* for respondent. Plaintiff, being the innocent assignee for value of Henry M. Lowenstein, takes subject to all the equities between the defendant and Henry M. Lowenstein. (*Bush* v. *Lathrop*, 22 N. Y. 535; *Trustees of Union College* v. *Wheeler*, 61 id. 88, 105, 115; *Westfall* v. *Jones*, 23 Barb. 9, 11.) A mortgage under our laws is a mere chose in action, and aside from the force of the recording statute, an assignee thereof, so far as concerns his right as such to enforce the same, must be treated like the assignee of any other chose in action. (*Ingraham* v. *Disborough*, 47 N. Y. 421; *Green* v. *Warnick*, 64 id. 220; *Reid* v. *Sprague*, 72 id. 457; *Westbrook* v. *Gleason*, 79 id. 23, 29.) Plaintiff, standing as he does in the shoes of Henry M. Lowenstein, is not in a position to claim an estoppel, and must abide by the result of the wrongful act of his assignor. (*McNeil* v. *Tenth Nat. B'k*, 46 N. Y. 335; *Moore* v. *Metropolitan Nat. B'k*, 55 id. 41; *Davis* v. *Beckstein*, 69 id. 440–442.) As the mortgage was taken as collateral to another and pre-existing debt, all equities between all parties interested were opened. (*Phœnix Ins. Co.* v. *Church*, 81 N. Y. 221.) Defendant having, in ignorance of the alleged lien of the plaintiff's mortgage, paid on account of a prior mortgage large sums for principal, interest, costs of foreclosure, and taxes, in the event the plaintiff had established his

mortgage, was entitled to have these sums reinstated as prior liens thereto. (*Barnes* v. *Mott*, 64 N. Y. 397; *Green* v. *Milbank*, 3 Abb. N. C. 138; *Snelling* v. *McIntyre*, 6 id. 469.) The utmost the appellant can claim is that the record of his assignment was a conveyance and protected him against any other unrecorded conveyance. (*Greene* v. *Warnick*, 64 N. Y. 220; *Crane* v. *Turner*, 67 id. 437; *Decker* v. *Boice*, 83 id. 215, 219.) Evidence as to whether plaintiff was a *bona fide* purchaser was material and proper. (*Crary* v. *Sprague*, 12 Wend. 41; *Cuyler* v. *McCartney*, 40 N. Y. 221; *Dewey* v. *Moyer*, 72 id. 70–80.)

EARL, J. In October, 1877, Mrs. Del Hoyo, being the owner of certain real estate in the city of New York, was induced, by false pretenses and fraudulent representations of Henry M. Lowenstein, to convey such real estate to his daughter, Rosa H. Lowenstein. Thereafter she, upon some alleged consideration passing to her from her father, executed to him a mortgage upon the same real estate to secure the payment of $1,000, which was collateral security for the payment of her bond for the same amount. Subsequently he assigned the bond and mortgage to this plaintiff, who, as we must assume upon this appeal, paid value for the same, acting in good faith, with no knowledge whatever of the fraud committed upon Mrs. Del Hoyo, or of her equities. Subsequently to the execution and assignment of the mortgage, Miss Lowenstein reconveyed the land to Mrs. Del Hoyo. This action was to foreclose the mortgage; and Mrs. Del Hoyo in her answer alleged the fraud perpetrated upon her by Lowenstein as a defense to the action.

It must be conceded that if Lowenstein himself had continued to hold the mortgage, and were plaintiff in this action, attempting to foreclose the same, Mrs. Del Hoyo would have a good defense; and her defense has thus far been sustained upon the ground that the plaintiff as assignee could have no better right or position as against her than Lowenstein, the assignor, could have had. The courts below applied to this case the familiar rule that the purchaser of a non-negotiable chose in action takes it subject to all the equities existing between

the original parties thereto, not only, but to all the latent equities of third persons. The general rule of law, as thus stated, has been many times announced in the decisions of this court and cannot be disputed. But it has its exceptions, and we do not think it is applicable to this case.

Mrs. Del Hoyo conveyed the real estate to Miss Lowenstein by an absolute deed with full covenants, thus conferring upon her the apparent title and ownership of the property, and under that conveyance she took possession of the property, and was in the possession thereof at the time of the execution of the mortgage, and of its assignment to the plaintiff. Mrs. Del Hoyo thus clothed her grantee with the apparent right to deal with the property as owner. She could have conveyed the property to a *bona fide* purchaser, and he would have taken a title, good as against her and against her grantor, Mrs. Del Hoyo.

When real or personal property is obtained from one by fraud upon the purchase thereof, and the vendor thus intentionally parts with the title, the vendee can always, by a sale to a *bona fide* purchaser for value, give a title good as against the vendor. If Miss Lowenstein could give a conveyance, good as against her grantor, she could execute a mortgage to one parting with value, and taking it in good faith, which would be equally effectual, as she could have done if the property had been personal instead of real. So if this mortgage to her father had been taken by him for value, and in good faith, he could have enforced the same against the land.

The assignee of the mortgage holds under Miss Lowenstein. He took it on the faith that she, as the apparent owner of the real estate, had the right to execute it. When he took it he could inquire of her whether it was valid and effectual, she at the time having the legal title to the land; and when his inquiries had extended thus far he was bound to go no further.

It would lead to great inconvenience and great insecurity, if persons taking or purchasing mortgages were obliged to go back of the mortgagor who owned the land and had the record title thereto, and at their peril ascertain whether any fraud had been perpetrated upon some prior owner of the land.

This mortgage was not purchased on the faith or credit of the assignor. He did not even guarantee the payment of the same, but it was bought on the faith and credit of the mortgagor's title. In such a case, as against the plaintiff, an innocent *bona fide* purchaser of the mortgage, Mrs. Del Hoyo is estopped from denying the title of her grantee, and her right to deal with the property as owner. For this conclusion the cases of *McNeil* v. *Tenth National Bank* (46 N. Y. 335; 7 Am. Rep. 341), *Moore* v. *Metropolitan National Bank* (55 N. Y. 41; 14 Am. Rep. 173) and *Greene* v. *Warnick* (64 N. Y. 220), furnish ample authority.

But without invoking the rule of law announced in the cases cited, there is another ground upon which our decision may rest. It is a familiar rule of law that a fraudulent purchaser of real or personal property obtains the legal title to the property purchased, and that he may convey a good title to any *bona fide* purchaser from him for value. He may not only convey the property, but he may deal with it as owner, and may mortgage it; and whoever purchases the property or takes a mortgage thereon from him or under him, in good faith, for value, or deals with him in good faith in reference thereto will be protected against the claims of the defrauded vendor. The real estate may be conveyed, or a mortgage thereon may be assigned to several successive participants in the fraud, or several successive *mala fide* purchasers. But the moment the real estate or the mortgage reaches the hands of a *bona fide* purchaser for value, the rights and equities of the defrauded owner are cut off. (*Bumpus* v. *Platner*, 1 Johns. Ch. 213; *Demarest* v. *Wynkoop*, 3 id. 129; *Griffith* v. *Griffith*, 9 Paige, 315; *Smart* v. *Bement*, 4 Abb. Ct. App. Dec. 253; *Paddon* v. *Taylor*, 44 N. Y. 371.)

The trial judge held that it was immaterial to determine whether or not the plaintiff was an innocent purchaser of the mortgage for value. In this, as we have seen, he erred. Upon the new trial, the fraud being established, it will be incumbent upon the plaintiff to show satisfactorily how he came by the mortgage, and that he took the same for value; and, in order

to give him the protection of the principles of law we lay down, the court must find, not only that he purchased the mortgage for value, but that he purchased it innocently and in good faith.

Mrs. Del Hoyo claims a right to be subrogated to an interest in a mortgage for $10,000, which was a lien upon the real estate at the time of the conveyance by her and until after the reconveyance to her, for the amounts paid by her upon that mortgage in ignorance of plaintiff's mortgage. This claim is, upon the facts found by the court, well founded, and may be allowed and adjusted upon the new trial, in case she fails entirely to defeat plaintiff's mortgage. (*Barnes* v. *Mott*, 64 N. Y. 397; 21 Am. Rep. 625; *Green* v. *Milbank*, 3 Abb. N. C. 138; *Snelling* v. *McIntyre*, 6 id. 469.)

Mrs. Del Hoyo seems to have been greatly wronged, and should have all the relief any rule of law can give her without violating the rights of any other person equally innocent with her.

The judgment should be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.