## DOMINICK v. DOMINICK.

### Supreme Court, General Term; 1887.

1. *Evidence; Inquisition in lunacy.*] Notwithstanding the change introduced by Code Civ. Pro., § 2335,—restricting the inquiry under an inquisition in lunacy to competency at the time of the inquiry,—an inquisition finding that the subject had been a lunatic for two years preceding the time of inquiry, is not incompetent as presumptive evidence even against third persons in a subsequent action.

2. *The same; instructions to jury*] The submission of such an inquisition to the jury in a subsequent action, with the instruction that it is not conclusive,—is not error or ground for a new trial in the absence of any request for other instructions, or objection, or exception, to the manner of submitting the inquisition to the jury.

Appeal from an order denying a new trial of issues tried before a jury in partition.

The facts appear fully in the opinion.

*Daniel Clark Briggs*, for appellant.

*Wm. F. Dunning* and *John M. Shedd*, for respondents.

By the Court.[*]—Daniels, J.—This action was brought, for the partition and sale of real estate, by the plaintiff as heir at law of Elizabeth Dominick, the preceding owner of the property. It was defended upon a will made and executed by Elizabeth Dominick, in or about October, 1880, by which she devised the property to other persons, and excluded the plaintiff from all right and interest therein. His position in the action was that the will was not satisfactory to her, and that she voluntarily, in the latter part of the summer of 1883, destroyed it, intending thereby to revoke it; and such a destruction, under the statute, proved to the

---

[*] Present, Daniels and Brady, JJ.

satisfaction of the jury, would undoubtedly have worked a revocation of the will (2 *R. S.* 64, § 42 : same stat. 3 *Id.* p. 2286) 7th ed. It was, however, averred on behalf of the respondents that this will was not destroyed by the testatrix herself, but that it was done, without her authority and not in her presence, by the defendant, Mary E. D. Dominick ; and also that she had become of unsound mind at the time of the destruction of the will, and thereby incapable of re-voking it either in that or any other manner.

Issues were framed presenting the material inquiries in the action for trial by a jury, and the case was so tried, and a verdict recovered answering the inquiries unfavorably to the plaintiff. By one of these issues the jury were required to answer whether the testatrix had been a lunatic during the period of two years prior to January 31, 1885 ; and to that the answer was in the affirmative. And it was to set aside the verdict because of the answer to this issue, that the motion for a new trial was made.

In support of the motion, it was urged that the court had erred in permitting an inquisition to be read in evidence taken in the early part of the year 1885, by which the jurors had found and returned that the testatrix had been a lunatic, and of unsound mind for two years preceding that time. The objection was that, under section 2335 of the Code of Civil Procedure, the jury were not permitted to return an inquis-ition retrospective in this respect.

And such is the language of this section of the Code, and it was so considered and enforced in Matter of Demelt, 27 *Hun*, 480. By this section a change has been made in the practice to be pursued in this class of cases. Prior to its enactment the jury were at liberty to inquire into, and return a statement of, the antecedent period over which the lunacy had extended ; and upon such a determination as to that period the inquisition was accepted by the court as prima facie or presumptive evidence that the unsoundness of mind had so far continued. Van Duesen *v.* Sweet, 51 *N. Y.* 378 ; Banker *v.* Banker, 63 *Id.* 409. And it had this

effect as evidence against persons acquiring rights or interests under the lunatic prior to the inquisition, although they were not parties to, and had no notice whatever of, the proceedings.

· It was probably to abolish the injustice of this rule that in the enactment of the Code of Civil Procedure it was declared that "the inquiry . . . . must be confined to the question whether he is so incompetent at the time of the inquiry." To permit an intelligent determination of this question, evidence is allowed to be given of the demeanor or state of mind of the person, for not more than two years prior to the hearing, unless the court in which the proceeding is instituted shall otherwise specially direct; but no authority has been conferred enlarging the extent of the determination under the commission. And that would restrict it as evidence to the time when the inquisition itself shall be taken.

But this rule was not transgressed in the submission of this case to the jury. For the inquisition was submitted to them without any remarks as to its effect, further than it was not conclusive.

Whether it should be given a retroactive effect by the jury, was not within the direction of the court. If anything more particular than what was said had been deemed necessary, further instructions concerning the effect of the inquisition should have been asked on behalf of the plaintiff. But it was not. Neither was any objection or exception taken to the manner in which the inquisition was submitted as evidence to the jury. Accordingly, there was no ground for setting aside the verdict because any undue effect was allowed to be attributed to the inquisition as proved.

A paper was produced and offered in evidence, the signature to which the plaintiff testified was the signature of the testatrix, but it was excluded by the court. · This paper was directed to the plaintiff, and subscribed in the name of the testatrix. Its statement was : " I want you to come over, as Mr. Grey has made my will and I won't have it; he made

it to suit himself and not as I wanted it; he put brother James' children in it; I will tear it into slivers when I get it; you and William are my only heirs. Come over to-day and I will deed you my house; James' children sha'n't have one penny."

Oral evidence concerning statements of the testatrix relative to her will of the same description, were received during the progress of the trial. And they were properly admitted as evidence of her mental condition, and so would this instrument have been, had it been received, as it was offered for that purpose on the trial. It certainly would have some tendency, if the jury believed it to have been authentic, in the way of proof, to establish the conclusion that the testatrix was not of unsound mind at the time when this paper is stated to have been received, which was near the time of the destruction of the will. If she in fact wrote and subscribed this paper, as its statements were intelligent and well connected, they would have had some bearing upon the disposition to be made by the jury of this inquiry presented to them. It is not necessary to determine that it would have been controlling in its effect. It is sufficient for the purposes of the action that it was material as evidence on the inquiry as to the state of mind of the testatrix at the time when the will was destroyed.

The jury found by the ninth inquiry that it was destroyed by the testatrix herself in July or August, 1883, thereby declining to adopt the theory of the successful defendants, that it has been destroyed by the defendant, Mary E. D. Dominick, in the absence and without the authority of the testatrix. If the testatrix was at that time of sound mind, then the destruction of the will was a revocation of it, and that would entitle the plaintiff to maintain this action for the partition of her estate. While if she was, as the jury found the fact to be, a lunatic from the early part of the year 1883, then this destruction of the will by her was not a revocation, and it remained in force as her will, and excluded him from all right and interest in her property.

'This was a vital subject of controversy upon the trial. The evidence excluded was of the same nature as that previously taken, as indicative of the mental condition of the testatrix. It had a bearing in the same direction, and should have been received.

The error involved in its exclusion cannot therefore be disregarded, and for its correction the verdict of the jury should be set aside and a new trial ordered.