JOHN THOMPSON, AN INFANT, BY JANE THOMPSON, HIS GUARDIAN, RESPONDENT, *v.* FREDERICK W. JONES, APPELLANT, IMPLEADED WITH ROBERT B. NOBLE.

*Assignment — judgment of foreclosure —* bona fide *purchaser.*

In an action brought to have a judgment of foreclosure adjudged to have been satisfied, it appeared that the mother of the mortgagor caused the amount of the judgment to be paid to the mortgagee, the plaintiff in the action, through one Noble, who took an assignment of the judgment to himself, and thereafter assigned it to one Jones, who purchased it for value and in good faith.

*Held,* that although Jones was a *bona fide* purchaser for value without notice, yet, as the judgment was not valid in the hands of Noble, Jones acquired no better title thereto by his purchase of it, the mortgage being a non-negotiable security.

APPEAL by the defendant, Frederick W. Jones, from a judgment in favor of the plaintiff, entered, after a trial before the court without a jury at the Supreme Court Chambers, in the city of Hudson, in the office of the clerk of the county of Columbia on the 1st day of June, 1889.

*L. F. Longley,* for the appellant.

*Willard Peck,* for the respondent.

LEARNED, P. J.:

This action was brought to declare satisfied a certain judgment of foreclosure rendered in February, 1879, in favor of one Smith against one William Thompson, since deceased, the father of the infant plaintiff. The plaintiff's claim is that Mrs. Jane Thompson, mother of William, caused the amount of the judgment to be paid to Smith through Noble, one of the defendants, May 24, 1879.

The defendants claim that Noble paid the judgment from his own money. Noble took an assignment to himself, and, on February 24, 1882, assigned the judgment to defendant Jones.

The learned court found that Mrs. Thompson put into Noble's hand a certain note to be used for satisfying the judgment; that Noble obtained for said note from the makers a mortgage, which mortgage Noble negotiated; that out of the moneys thus received Noble paid to Smith the amount of the judgment, and that in so doing he acted for Mrs. Thompson.

The first question raised by appellant is one of fact, viz., whether Noble was acting as Mrs. Thompson's agent and paid Smith with moneys supplied by her for that purpose. The findings of the learned court on this question of fact should have great weight with us, even if we felt any doubt upon the examination of the evidence. But we think the findings are sustained.

It follows from this that, though there was an assignment executed by Smith to Noble, yet in Noble's hands the judgment would not be good. He took it in violation of his duty as agent, and could not enforce the judgment.

Jones is admitted to be a *bona fide* purchaser for value without notice. And the remaining question is whether he acquired any rights as against the owner of the mortgaged land.

The general rule is that, as to non-negotiable securities, the purchaser takes only such title as the seller had. (*Bush* v. *Lathrop*, 22 N. Y., 549.) An exception is made where the true owner has by assignment conferred the apparent absolute ownership. In such case a purchaser *bona fide* from such apparent owner holds a good title against the real owner. Because the real owner is estopped from denying the absolute ownership of the person to whom he has assigned. (*Fairbanks* v. *Sargent*, 104 N. Y., 117.) To apply that rule to this case, Smith could not, against Jones, assert that the assignment to Noble was not, in fact, absolute. But Mrs. Thompson has made no assignment which estops her. She has done no act on which Jones relied in making his purchase. If one of two innocent persons, Jones and Mrs. Thompson, must be the loser, there is no reason why the loss should fall on her. If she had recognized or consented to the making of the assignment to Noble, then she might have been estopped from denying its validity. But it is found that she knew nothing about it.

If it should be urged that Noble was her agent, and therefore the taking of the assignment to him was her act, the reply is that Jones did not rely upon this as being her act. He relied on no act of Mrs. Thompson which could estop her from asserting that she had paid the mortgage. (*Moore* v. *Metropolitan National Bank*, 55 N. Y., 41.)

The question here, cannot be determined by reference to the rule as to fraudulent purchasers of real estate or of chattels. (*Simpson* v.

*Del Hoyo*, 94 N. Y., 189, cited by appellant.) That was the case of a mortgage given by one who held the legal title to the land. Fraud in procuring title to the land could not be shown against a *bona fide* holder of the mortgage. But the court said that the rule as to the purchase of non-negotiable securities was not applicable. We think that the present case does not come within the exception, above mentioned, to the general rule as to non-negotiable securities, which is too familiar to require the citation of authorities. The mortgagor (or his mother on his behalf) paid the mortgage, and it should be adjudged satisfied even against the defendant Jones.

Judgment affirmed, with costs.

INGALLS and LANDON, JJ., concurred.

Judgment affirmed, with costs.