LUDLOW W. VALENTINE, AN INFANT, ETC., APPELLANT, *v.* SUSAN A. AUSTIN AND ELIZABETH H. LUNT, RESPONDENTS, IMPLEADED, ETC.

*Lis pendens — when canceled by order of the court — notice.*

Where a notice of *lis pendens*, filed in the county clerk's office in a pending action, has been canceled by an order of the court, a party examining the title to real property described therein is not bound to examine the complaint in the action, or to take notice of what such an examination would disclose.

When a *lis pendens* is canceled by an order of the court it ceases to be notice to any one.

APPEAL by the plaintiff from so much of a judgment of the Supreme Court, dated May 26, 1890, as dismissed the complaint as to the defendants Austin and Lunt, or either of them.

The action was brought to trial at Special Term, after certain issues had been submitted to the jury, and a decision or findings were rendered and filed, which followed the verdict of the jury.

The action was brought by the plaintiff, as an heir-at-law of Catherine A. Valentine, deceased, to set aside a deed of certain premises from her to the defendant Richardt; also a deed from

Richardt to the defendant Austin, and a mortgage from Austin to the defendant Lunt.

*Horace Secor, Jr.,* for the appellant.

*James D. Bell,* for the respondent Austin.

*W. C. Beecher,* for the respondent Lunt.

BARNARD, P. J. :

The defendant Austin is a grantee from one Herman T. Richardt, and the defendant Lunt is a mortgagee from Austin of the same premises. Richardt acquired the title to the land by· fraud and undue influence from one Catharine A. Valentine. Catharine A. Valentine was sane when she made the conveyance. Both of these defendants took their conveyances in good faith and for value. This fact is found by the jury and also by the court at the request of the plaintiff. No evidence is returned, but the appeal is taken from the findings and judgment therein, so far as the same dismisses the complaint upon the merits as to the defendants Austin and Lunt. The facts found destroy the plaintiff's claim.

A purchaser, in good faith and for value, is one who takes without notice of any outstanding equity or lien not of record, or defect of title in any way. (*Simpson* v. *Del Hoyo,* 94 N. Y., 189.)

There is no conflict in the findings. It is found that Catharine· A. Valentine, by a next friend, commenced an action to set aside the Richardt conveyance, because it was obtained from her by fraud and undue influence and without consideration. This action had been dismissed " before the plaintiff opened or offered any testimony," and judgment was entered accordingly. There was a *lis pendens* filed in this action. When the defendants Austin and Lunt took the conveyance they caused a search to be made, and the search returned the finding of the *lis pendens,* and that it was canceled by order of the court on the 6th of September, 1886.

The appellants claim that it was the duty of these defendants to examine the complaint in the Richardt action and to take notice of what such an examination would ·disclose. This is too stringent a rule of constructive notice. The record was clear, and while there had been a *lis pendens* which affected the title, it had been discharged by a judgment which the evidence does not question.

They knew of no facts which should have put them upon inquiry, and in such a case the want of diligence is not want of good faith. (*Parker* v. *Conner*, 93 N. Y., 118.)

The finding of good faith is irreconcilable with this constructive notice, which is claimed to have been sufficient to put the parties on inquiry. The canceled *lis pendens* was not notice except in the action in which it was filed, and all who dealt with the title while it was in force would be deemed bound equally as if they were parties to the action. (*Lamont* v. *Cheshire*, 65 N. Y., 30.)

When the *lis pendens* was canceled by order it ceased to be notice to any one, and those who subsequently dealt with the title could rely upon the record. They were not bound to examine the complaint in an action which from the record had no basis.

The judgment should, therefore, be affirmed, with costs of appeal to each respondent.

DYKMAN, J., concurred ; PRATT, J., not sitting.

Judgment affirmed, with costs of appeal to each respondent.