(9 Misc. Rep. 636.)

## DUNN et al. v. SHARPE et al.

(Supreme Court, Special Term, Oswego County.    September 22, 1894.)

**1. Bonds—Option to Declare Due.**

A mortgage bond payable one year after date, given to secure an existing debt, and also the price of goods thereafter to be sold to the obligor, provided "that, in case any installment * * * hereby secured to be paid shall remain due and unpaid for the space of 30 days after the same shall, by the terms thereof, become due and payable, in that case the whole principal sum hereby secured to be paid, together with interest thereon, shall, at the option of said obligee, * * * become due and payable forthwith." *Held,* that such provision referred to default in paying for goods thereafter to be sold to the obligor.

**2. Liability of Surety—Estoppel to Set up Fraud of Principal.**

One who gives a mortgage to secure a bond executed by her as surety for another for the payment of past and future debts is estopped, as to debts subsequently incurred, to set up the defense that she was induced to sign the bond by the fraudulent representations of the principal as to the amount thereof, of which the obligee had no notice, where the obligee took the bond in good faith, and, relying on its validity, loaned the principal money and sold him the goods; but the estoppel does not apply to the past indebtedness, as the situation of the parties in regard thereto was not affected by such bond and mortgage.

Action by John Dunn, Jr., and others against Hooper C. Sharpe and others, to foreclose a mortgage. Defendants alleged fraud in procuring the execution of the mortgage, and that no part of the debt secured was due at the time of the commencement of the action. Judgment for plaintiffs.

Wilson & Forbes, for plaintiff.

J. J. Lamoree and J. B. Higgins, for defendants.

WRIGHT, J.    At the time of the execution of the mortgage, the defendants Hooper C. Sharpe and Charles Harman, as partners, owed the plaintiffs $4,500 for goods purchased. The mortgage in question was executed by Hooper C. Sharpe and his wife, the defendant Celia Sharpe, on lands belonging to Celia Sharpe individually, and also lands belonging to Hooper C. Sharpe, to secure the payment of said indebtedness, and an additional sum of $2,000, that day loaned by the plaintiff to the firm of Sharpe & Harman, and "as a continuing security * * * to secure any other or further advances of goods or loans of money sold to or supplied to said firm * * * from time to time by the parties of the second part, to be used in and about the business of said firm of Sharpe & Harman; * * * said debt and every part thereof to be paid according to the conditions of the bond this day executed and delivered by the said Hooper C. Sharpe and Celia Sharpe." The bond is made by said mortgagors in the penal sum $13,000, and provides for the payment of $6,500 and interest within one year from its date, and for the payment for all goods thereafter to be sold by the plaintiffs to said firm according to said provision of the mortgage, no date of payment for such goods being mentioned in either instrument. The bond further provides "that in case any installment of principal or any part thereof, * * * hereby secured to be paid, shall re-

main due and unpaid for a space of 30 days, after the same shall, by the terms thereof, become due and payable, in that case the whole principal sum hereby secured to be paid, together with interest thereon, shall, at the option of said obligee, * * * become due and payable forthwith." After the delivery of the bond and mortgage, the said firm purchased of the plaintiffs, on several dates, up to February 22, 1893, various items of goods, amounting to $225.73, agreeing to pay therefor within 30 days from the date of the respective purchases. No part of said indebtedness was paid at the time when this action was begun, April 26, 1893. The question is, was the action prematurely brought? It is urged by the defendants that the 30-days default clause does not apply to the contract for subsequent purchases of goods. The intent of the parties must be gathered from the instruments considered together. In the mortgage no date for the payment of the $4,500 portion of the debt is mentioned, but it provides that the entire debt shall be paid according to the condition of said bond, which provides for the payment of the said entire sum of $6,500 and interest within one year. It is clear, therefore, that the 30-day default clause does not relate to the payment of that sum. But the parties contemplated making additions to the amount of the principal sum named in the mortgage by the subsequent purchases of goods. They contemplated credits for the same to be fixed outside of the bond and mortgage, no date for such payment being mentioned in either; and this default clause, since there is no other part of the indebtedness to which it can apply, was evidently made to secure prompt payment of said additional indebtedness; and, more than 30 days having expired since said additional indebtedness became due, the entire sum secured by the mortgage became due on the election of the plaintiffs.

On the second branch of the defense—the allegation of fraud—it appears that the defendant Celia Sharpe was induced by her husband to execute the bond and mortgage under the belief that they were given to secure only the sum of $2,000 and interest. She signed and acknowledged their execution without reading them, and thereupon delivered them to her husband, with the understanding that he should deliver them to the plaintiffs. It is now urged by the defendants that Celia Sharpe, being surety for her husband, is entitled to set up his fraudulent representation as to the amount of the bond and mortgage as a defense. It appears that the plaintiffs had no knowledge of this representation, and took the instruments in good faith, and, relying upon their validity, loaned the said $2,000, and subsequently sold goods to said firm of Sharpe & Harman of the value of $332.07. The contention of the defendants is untenable. The defendant Celia Sharpe is an intelligent and educated lady. The error in the instruments was due to her negligence in not examining them, as well as to the fraud of her husband; and, she having intrusted those instruments to her husband for the purpose of delivering them to the plaintiffs, he became her agent for that purpose; and he being thus clothed with the indicia of au-

thority, and the plaintiffs being ignorant of the fraud, they had a right to rely upon the terms of these instruments as expressing the scope of his authority, and the precise obligation for which she was his surety. Bank v. Burns, 46 N. Y. 171; Bodine v. Killeen, 53 N. Y. 93; Moore v. Bank, 55 N. Y. 41. Equity and good conscience require that Mrs. Sharpe should be estopped from denying the authority of her husband, but the extent of such estoppel is limited by the change of situation of the plaintiffs, caused by their reliance upon his apparent authority. It does not appear that the plaintiffs have been injured in their interests with respect to the $4,500 indebtedness by its inclusion in the bond and mortgage. On the contrary, it may be reasonably inferred that their interests have been advanced thereby, as against the defendants Hooper C. Sharpe and Charles Harman, since they thus obtained the benefit of a security for that prior unsecured indebtedness, a security not shown inadequate; and, from the fact that the plaintiffs voluntarily increased the principal thereof by the subsequent sales, it is evident that they deemed it adequate and desirable. The amount of the new loan and the purchase price of the additional goods, with interest, is, therefore, the measure of the estoppel against her. Simpson v. Del Hoyo, 94 N. Y. 189; McNeal v. Bank, 46 N. Y. 325; Gilbert v. Deshon, 107 N. Y. 324, 14 N. E. 318; Barnard v. Campbell, 55 N. Y. 456. This holding is based upon the principle that, where one of two innocent persons must suffer by the fraud of a third person, the one guilty of negligence, which has been a co-operative element in causing the loss, must bear the burden. The plaintiffs, as one reason why Mrs. Sharpe should be held for the whole amount, urge that she should have refunded the amount of the new loan and the subsequent purchases. Ordinarily, that proposition would be sound; but it does not appear to what extent her property may be required to satisfy her obligation after applying on the whole debt the proceeds of the sale of the lands of the principal debtor, her husband, who, in equity, is primarily liable. Therefore, the equities between all the parties can be better adjusted in the action without such refunding; and in such a case refunding is not required. The defendants' theory that Hooper C. Sharpe must be regarded as agent of the plaintiffs in the transaction is not correct.

From the above propositions, it follows that the bond and mortgage must be held valid as against Hooper C. Sharpe for the entire sum secured thereby, and that, after exhausting the remedy on the mortgage against him, Celia Sharpe is liable thereon for the deficiency up to the amount of $2,000 and said subsequent purchases, with interest. Bank v. Roop, 80 N. Y. 591; Vartie v. Underwood, 18 Barb. 561. Costs are awarded the plaintiffs against the defendants Hooper C. Sharpe and Charles Harman, but not against Celia Sharpe. Judgment is ordered accordingly.