### SWANSTROM v. DAY et al.

(Supreme Court, Special Term, Kings County. February, 1905.)

1. DEEDS—VALIDITY—UNDUE INFLUENCE—BURDEN OF PROOF.

A son who, at the time of receiving, for a nominal consideration, a conveyance from an aged and infirm parent, was, and had been for some weeks, living with and taking personal care and charge of such parent, has the burden of showing that he did not take advantage of his parent's weakness, but that the conveyance was the latter's free act.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Deeds, §§ 588, 589.]

2. VENDOR AND PURCHASER—BONA FIDE PURCHASERS—DEFECTS IN GRANTOR'S TITLE.

One who acquires title to property by fraud or undue influence has title until it is avoided by the grantor or his representatives, and may consequently convey a good title or give a valid mortgage to another who has no notice or knowledge of the fraud or undue influence.

[Ed. Note.—For cases in point see vol. 48 Cent. Dig. Vendor and Purchaser, §§ 583–600.]

3. SAME—NOTICE OF DEFECTS—POSSESSION.

One who, at the time he executed a mortgage on property procured by him through undue influence practiced on his father, was, to outward ap-

pearances, as much in possession as his father, could be deemed to be in possession, notwithstanding the contemporaneous occupancy of his father.

**4. INSANE PERSONS—INQUISITION—EFFECT OF FINDING.**
　　Under Code Civ. Proc. § 2335, confining an inquisition in lunacy to the question whether the alleged incompetent is incompetent at the time of the inquisition, a finding of incompetency and an order entered thereon have no retroactive effect, and are not presumptive evidence or notice that the incompetent was such some months previous, when he conveyed property to his son, or that the son exercised undue influence over him at that time.

Suit by J. Edward Swanstrom, as committee of Edward P. Day, an incompetent person, against Frederick Day and the Title Guarantee & Trust Company, to set aside a conveyance, without consideration, of real estate by such incompetent to his son, the defendant Frederick C. Day, before the institution of the incompetency proceedings, on the ground that it was obtained by fraud and undue influence; and also to set aside a mortgage given by the said grantee to the other defendant since such proceedings and the appointment of the committee therein.    Judgment for plaintiff.

Conrad S. Keyes, for plaintiff.
Mirabeau L. Towns, for defendants.

GAYNOR, J.    The ward of the committee, an old man of 82, while sick and feeble of body, confined to his house and bed, and enfeebled of mind, made the conveyance in question of a plot of real estate of the value of about $40,000 to his defendant son for a nominal consideration.    He had other children.

The son was at the time, and had been for some weeks, living with, taking personal care of and in sole charge of him.    This put upon the son the burden of proof that he did not take advantage of the weakness of his father, but that the conveyance was his free act.    Ferris v. Ferris, 22 Misc. Rep. 577, 49 N. Y. Supp. 593.

Not only has that burden not been met, but without regard to it I find that the evidence shows affirmatively that the conveyance was obtained by undue influence of the son over the father.

In arriving at this conclusion I rate the testimony of the son and of the notary Roberts as unworthy of any credence whatever; and the testimony of the father is so contradicted by his former letters and affidavits that it is worthless.    He is much improved physically and mentally, but in such a highly wrought condition of mind against his committee that the son got him to repudiate all of his past statements of fraud and undue influence by his son against him in respect of the conveyance, which were made when he had no reason not to be truthful and sincere, and to testify to the exact contrary.

But the mortgage given by the son cannot be set aside, for the mortgagee had no notice or knowledge of the son's undue influence in getting the conveyance to him.    One who gets title to real or personal property by fraud or undue influence, is able to convey good title to a purchaser for value and without notice.    He has title until it is avoided by the grantor.    Simpson v. Del Hoyo,

94 N. Y. 189; Valentine v. Lunt, 115 N. Y. 496, 22 N. E. 209. Such a case is different to one where there is no title, as in the case of chattels obtained of one who stole them, or of real estate of one whose title deed is a forgery, or was never delivered. The decision in Marden v. Dorthy, 160 N. Y. 39, 54 N. E. 726, 46 L. R. A. 694, is based on the finding of fact of the trial court that the conveyance had never been executed or delivered—a mere statement of which sufficeth. It is hard if not impossible to extract this from the reporter's head note, not to look further, but that is really all there was of the case. Much useless and turgid matter has to be plodded through in many of the decisions of to-day in order to get the point, or the one kernel of wheat.

A part of the plot conveyed was the dwelling house of the father. He lived there when the conveyance was made, and when the mortgage was made, and the son was residing there with him. But the son was in ostensible possession and control, and was collecting the rents of the tenants on the plot, all by the act, however weak, of the father. So far as facts and outward appearances went, the father was, at best, no more in possession than the son. His occupancy was equivocal, i. e., it might be under his son or over him. It was not inconsistent with the son being the one in possession, and in such a case the inference is permissible that possession is in the one having title. Brown v. Volkening, 64 N. Y. 76; Pope v. Allen, 90 N. Y. 298; Holland v. Brown, 140 N. Y. 344, 35 N. E. 577. The case of Phelan v. Brady, 119 N. Y. 587, 23 N. E. 1109, 8 L. R. A. 211, is obviously different; there was nothing equivocal or doubtful about the possession there; in fact there was no question of which of two occupants was in possession; and the case of Mygatt v. Coe, 147 N. Y. 456, 42 N. E. 17, has no application at all.

The conveyance to the son was made March 27, 1903. The final order confirming the finding of the inquisition that the father was incompetent to manage himself or his property and appointing the committee was made and filed July 14, 1904. The mortgage in question was made and delivered August 17, 1904. The finding and order on the inquisition had no retroactive effect and were not presumptive evidence that the father was incompetent when he conveyed to his son, much less that the son used undue influence, and were not notice thereof. Code Civ. Proc. § 2335; Dominick v. Dominick, 20 Abb. N. C. 286.

Judgment accordingly without costs except to the plaintiff.