(64 Misc. Rep. 370.)

HUBBELL, HALL & RANDALL CO. v. BRICKMAN et al.

(Supreme Court, Trial Term, Westchester County. August 2, 1909.)

1. MORTGAGES (§ 261*)—ASSIGNMENTS—TITLE OF ASSIGNEE.

An assignee of a past-due bond and mortgage takes the same subject to all equities which third persons could in the absence of estoppel enforce against the assignor.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 693; Dec. Dig. § 261.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MORTGAGES (§ 242*)—ASSIGNMENTS—TITLE OF ASSIGNEE.

One fraudulently and without consideration received from the mortgagee by assignment a past-due bond and mortgage for the purpose of enabling him to sell the same for the mortgagee for a specified sum. He fraudulently disposed of the bond and mortgage to a creditor. *Held,* that the creditor did not receive any better title than his assignor possessed, and the mortgagee could prevent the creditor suing to foreclose the mortgage from enforcing it.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 627; Dec. Dig. § 242.*]

Action by the Hubbell, Hall & Randall Company against Ida Brickman and another.   Complaint dismissed on the merits, and judgment for defendant Mariatano Garofano.

Jeremiah D. Toomey, for plaintiff.

Esser, Elliot & O'Brien, for defendants.

TOMPKINS, J.   This action is to foreclose a mortgage made by the defendant Brickman to the defendant Garofano to secure the payment of the sum of $4,000.   The suit was brought by the plaintiff against the defendant Brickman as the mortgagor and the owner of the premises covered by the mortgage as the only defendant, but, upon the trial and on the consent of the parties, the mortgagee Garofano was interpleaded as a defendant, and it was agreed that all of the issues and equities between the parties should be tried and determined in this action.   The defense interposed by both the mortgagor, Brickman, and the mortgagee, Garofano, is that one James M. Newman fraudulently and without any valuable consideration procured the mortgagee, Garofano, to assign the bond and mortgage in question to him (the said Newman), and that Newman fraudulently disposed of the said bond and mortgage to the plaintiff without valuable consideration, and that the plaintiff did not obtain a good title to the said bond and mortgage by the said assignment from Newman, and that the plaintiff was not a bona fide purchaser of the said bond and mortgage for value.

The undisputed facts are that the said James M. Newman represented to the defendant Garofano, the mortgagee, that he could secure a purchaser for the said mortgage for the sum of $3,700, out of which Newman was to have $100 for his services, and induced Garofano to execute an assignment of the bond and mortgage to himself (the said Newman), which assignment was understood to be for the purpose of enabling the said Newman to sell and assign said mortgage for the benefit of the mortgagee, Garofano, for the said sum of $3,700, of which amount Garofano was to have $3,600.   It also appears that Newman represented to Garofano that he had a friend in New York City who would purchase the bond and mortgage for that amount, but that it would be necessary for him to take the papers, together with an assignment thereof in his own name, to his friend in New York City in order to close the deal, and that, when Garofano said, "Mr. Newman, I don't want to leave the mortgage with you.   I come to New York myself," Newman replied, "Mr. Garofano, if he knows the mortgage belongs to you, he won't buy it.   He is going to do a favor for me."

Instead of disposing of the bond and mortgage to his friend or to any one in New York City for the sum of $3,700 or $3,600 in cash, Newman wrongfully and fraudulently and without the knowledge of the said Garofano, and in violation of the understanding with them as to the disposition of the said mortgage, assigned and transferred the same to the plaintiff to secure an antecedent debt of said Newman to the plaintiff and with which Garofano had nothing to do, amounting to about $1,600 and the further sum of $120, advanced in cash by the plaintiff to the said Newman.

These facts, I say, are undisputed except that the plaintiff claims that only $1,200 or $1,300 of the total consideration of the assignment by Newman to the plaintiff was an old debt owing by Newman to the plaintiff. The facts, however, in that respect, as I find them, are that the plaintiff had shipped some $1,600 worth of lumber to the said Newman at Yonkers, and that Newman had taken possession of it, and had disposed of $1,200 or $1,300 worth of the lumber for which he had failed to account to the plaintiffs. Whereupon they threatened to prosecute him civilly and criminally, and, to settle that claim as well as to pay for the balance of the lumber that had been shipped and delivered to him by the plaintiff, Newman transferred to the plaintiff the bond and mortgage in question, and at the time received from the plaintiffs the sum of $120 in money. So that the only actual present consideration for the transfer of the bond and mortgage was the sum of $120.

At the trial my impression was, as indicated by statements appearing in the minutes, that, if the plaintiff was a bona fide purchaser of the bond and mortgage for value without knowledge of the equities between Newman and Garofano, the plaintiff would be protected to the extent of the consideration actually passing from it to Garofano at the time of the assignment of the mortgage, but an examination of the authorities (in which work I have not been aided by the defendants' attorneys, they having failed to file a brief, although repeatedly urged to do so during the past six months, neglecting even to send me their copy of the testimony when asked for it) convinces me that the plaintiff has no interest in the bond and mortgage in question that it can enforce in this action. In the case of Owen v. Evans, 134 N. Y. 519, 31 N. E. 1000, the Court of Appeals said:

"According to the rule well settled in this state, however it may be elsewhere, the plaintiff, as assignee of the note and mortgage when both were past due, took those securities subject to all the equities which third persons could enforce against his assignor. Our courts recognize no distinction between equities existing in favor of the mortgagor and those existing in favor of a third person, but held that, in the absence of an estoppel, an assignee of a mortgage takes only the interest of his assignor, and subject to any latent equity in favor of any person."

I do not think that the elements of an estoppel are present in this case.

In the case of Central Trust Company v. West India Company, 169 N. Y. 323, 62 N. E. 390, the Court of Appeals held:

"It is further the settled law of this state, though a different rule prevails not only in England, but in the federal courts and in some of the states, that

a bona fide purchaser for value of a chose in action takes it subject, not only to the equities between the parties, but also to latent equities in favor of third persons."

I am not unmindful of the exceptions to this rule illustrated by the case of Simpson v. Del Hoyo, 94 N. Y. 189, and other cases cited on the plaintiffs' brief, but I think the case at bar falls within the rule above stated, and not within the exceptions to that rule. In this case the mortgage debt was past due, and Newman received the bond and mortgage by assignment from Garofano fraudulently and without any consideration whatever, and solely for the purpose of enabling him to sell the bond and mortgage for the sum of $3,600 or $3,700 for Garofano's benefit, and persuaded Garofano to make the assignment to him upon the pretense that that was necessary to enable him to consummate its sale for the said sum of $3,700, and then Newman fraudulently disposed of the bond and mortgage to the plaintiff. In short, Newman obtained the assignment from Garofano without consideration and fraudulently, and then fraudulently disposed of it to the plaintiff, and, under the circumstances disclosed by the testimony concerning Newman's financial condition at the time and the plaintiffs' knowledge of his insolvency and considering the amount of the bond and mortgage assigned by Newman to the plaintiff and the consideration paid therefor, it is doubtful whether the plaintiff was an innocent purchaser thereof in good faith and without notice that some other party had some claim in or to the said bond and mortgage. The facts required plaintiff to make some inquiry concerning Newman's title to the bond and mortgage. In any event, the plaintiff received no better title to or interest in the bond and mortgage than Newman possessed. The defendant Garofano could by an action in equity have stayed Newman from assigning or enforcing the bond and mortgage, and could have compelled a reassignment of it, and it seems to me it must follow that Garofano, being a party to this action, may invoke the power of this court of equity to prevent the plaintiff, who is Newman's assignor, from enforcing the mortgage or collecting the mortgage debt.

Equity requires that the plaintiffs' complaint should be dismissed upon the merits, and that the defendant Garofano should have judgment directing the plaintiff to assign to her the said bond and mortgage, together with the costs of this action.