NORRIS WINSLOW, Respondent, *v.* HENRY FERGUSON, Appellant.

(GENERAL TERM, FIFTH DISTRICT, OCTOBER, 1868.)

Defendant made a general denial, except as expressly admitted, to a complaint on a promissory note, payable to bearer, and averred that the note was obtained by fraudulent representations; that it was not given to plaintiff, and defendant had no knowledge, &c., whether it had been delivered to him before maturity for value; and denying that plaintiff was a *bona fide* holder, averred that if he took it at all, it was with notice of the circumstances, &c. Plaintiff on affidavits showing, that he had bought the note before maturity, in good faith, for a valuable consideration, without notice of a defence, and that he was the owner thereof, moved to strike out the answer as sham and irrelevant; but did not, for the purposes of the motion, dispute defendant's averment of fraud.—*Held*, an order striking out the answer as sham must be reversed.

If the averments in defendant's answer, which were contradicted by the affidavits, were untrue, the whole defence must fail; but if plaintiff conceded the fraudulent inception of the note, he assumed the *onus* of showing the falsity of such averments, and this he might not do by affidavit.

Section 152 of the Code, does not permit a part of an entire answer or separate defence to be stricken out as sham. Per MULLIN, J.

THIS was an appeal from an order made at Special Term, held in Onondaga county, striking out the answer of the defendant as sham and false.

The facts were these:

The plaintiff sued upon a promissory note, made by defendant for the sum of $296, payable to the United States Lightning-rod Company, or bearer, three months from date, with interest.

The complaint alleged the making of the note, and the delivery to the payee, and its transfer before maturity for a valuable consideration to the plaintiff, presentment, &c.

The complaint is verified by the plaintiff's attorney.

The defendant in his answer denied each and every allegation in the complaint, except as thereinafter expressly admitted. It was further alleged by defendant that before the making of said note, three persons whom he names, called at his house and falsely and fraudulently represented themselves as agents for a certain insurance company named by them, and by false and fraudulent representations induced him to allow them to put lightning-rods on his buildings, and to agree to insure his buildings and the contents thereof, in said company; that subsequently other agents of said company called upon him, and by other false and fraudulent representations procured from him the note in suit, for the payment of the lightning-rods put on his buildings, and the premiums on his insurance. That said note was given for a much larger sum than was due, and was not delivered to the payee named therein, but to the persons claiming to be the agents of the lightning-rod company.

The defendant alleged that he had not sufficient knowledge or information to form a belief whether said note was delivered to the plaintiff before maturity for value, and he denied that the plaintiff was a *bona fide* holder or owner thereof, and alleged that he took said note, if he took it at all, with notice of the facts showing the defendant not liable thereon.

There was served on the defendant's attorney, for the purposes of the motion, an affidavit made by the plaintiff, in which he testified that he bought the note in suit of one D. E. Belknap (who held it and claimed to be owner thereof), before maturity, in good faith, for $251.62, without any knowledge or information or suspicion that there was any defence thereto, and that he was, at the time of making said affidavit, the holder and owner thereof.

The plaintiff served, for the purposes of the motion, which was to strike out as sham, irrelevant and false, the affida-

vit of John F. Moffat, who was cashier of the Merchant's Bank, in the name of which the plaintiff did business as a private banker, by which it appeared that said Moffat was present at the purchase of said note, and the affidavit repeated the statements in the plaintiff's affidavits.

No affidavits are offered on the part of the defendant.

The motion to strike out the answer as sham and false was granted, and from this order the defendant appealed.

*Matthew Hale*, for the appellant, with other grounds for reversal, made the following points:

The answer is not sham.

1. An answer or defence is sham when false, and known by defendant to be so, or not believed by him to be true. Bad faith is an essential element of a sham answer. (*Garvey* v. *Fowler*, 4 Sandford, 665; *Benedict* v. *Tanner*, 10 How., 455; *Darrow* v. *Miller*, 5 id., 247; *Bailey* v. *Lane*, 13 Abb., 354; *F. and M. Bank* v. *Smith*, 15 How., 329; *Littlejohn* v. *Greeley*, 22 How., 345.)

2. In this case the truth of the answer is not questioned. The allegations of fraud are not, any of them, denied, but all stand admitted. The only part of the answer which the moving affidavits meet in any respect, is the denial of knowledge or information sufficient to form a belief whether the note was transferred before due to plaintiff, and that is met only by plaintiff swearing to good faith.

The answer was not false, nor any part of it, nor is there anything in the case from which anything like bad faith can be inferred.

3. The case of *Benedict* v. *Tanner* (10 How., 455) was stronger than this. There the pleadings were not sworn to. The answer alleged a set-off against the payee of the note, and that the note was transferred to plaintiff after maturity. The plaintiff moved to strike out the answer, as sham, upon affidavits showing that the note was transferred to them three months before maturity. The motion was denied by MITCHELL, J., who said, an answer was sham only when it sets

Winslow *v.* Ferguson.

up matter *known to the defendant* to be false, "not when, as in this case, he sets up a fact not strictly within his own knowledge ; but what he may be able to prove by witnesses; who might state the reverse of the plaintiff." (P. 456.) *Wirgman* v. *Hicks* (6 Abb., 17, N. Y. Superior Court), was a suit on a promissory note. Answer, alleged fraud in obtaining the note, and denied, upon information and belief, that plaintiffs gave value for the note, or that they were *bona fide* holders. Plaintiffs moved to strike out upon affidavits, alleging that they were *bona fide* holders for a vauable consideration, paid by them therefor in cash ; that they purchased the same before maturity, and without notice, and also stating admissions and promises made by defendant. The affidavits, on the part of defendant, denied the admissions and promises alleged, but not the statement as to the *bona fides* of plaintiff. Bosworth, J., denied the motion, saying that the defendant had "a right to have those facts established by a jury."

4. The order striking out defendant's answer is thus shown to be contrary to law and authority. Not a single word in the answer is shown to be false. The fraud alleged is not denied. The defendant denies knowledge or information sufficient to form a belief as to the alleged transfer to plaintiff for value, and before due. The law allows him to use this form of denial. It is not pretended that he had such knowledge or information. And still, upon moving affidavits which do not, even if taken as absolutely true, show the defendant to have answered falsely in any particular, his defence is striken out, and he is convicted of having been guilty of swearing to a *sham* answer, "one known to him to be false."

The cases, where a denial in this form has been stricken out, are all where the matters of which the defendant denied "knowledge or information sufficient to form a belief," were matters necessarily or presumptively within his knowledge. (11 How., 163; 12 id., 153; 4 Sandf., 708; 1 Abb., 254; 8 How., 28; 15 Abb., 346, *n ;* 2 E. D. Smith, 48.)

Plaintiff is a *bona fide* purchaser, if at all, to the extent of

what he paid, and the fraud being admitted, can in no event recover more than he paid and interest. (*Edwards* v. *Jones*, 7 C. and P., 633; *Williams* v. *Smith*, 2 Hill, 301; *Youngs* v. *Lee*, 18 Barb., 187, 193; 2 Kern., 551; *Caldwell* v. *Hicks*, 37 Barb., 458.)

We think it clear that the answer is true in fact and good in law, and ought to stand. But we respectfully submit that if there is *doubt* as to its validity, the order striking it out should be reversed and the plaintiff left to his remedy by demurrer, or by moving exclude the evidence on the trial.

Section 152 of the Code is designed to enable plaintiff summarily to get rid of two classes of answers and defences.

1. Sham—"false in fact, *and put in in bad faith.*" (ALLEN, J., 22 How., 345.)

2. Irrelevant—"palpably foreign, inapplicable and impertinent to the cause of action, or frivolous. The irrelevancy or frivolousness must be palpable and clear, and *not require argument to establish it.*" (ALLEN, J., 22 How., 348.)

The answer in this case was stricken out as *sham*, and we think it clear that it is not so.

And the order cannot be sustained on the second ground, that the answer is irrelevant, because,

1. It is stricken out as *sham*, and the order can be sustained on no other ground.

2. Because the answer is good.

3. At all events, it is not palpably and clearly irrelevant, "so as to require no argument to establish it."

The rule as to what answers are to be stricken out as irrelevant, as quoted above from Judge ALLEN, has the best of reasons to sustain it. To adopt any different rule, would necessarily work mischief and injustice.

1. It deprives a defendant of the right to trial by jury.

2. It enables a plaintiff to win his case by an *ex parte*, affidavit, and avoid a cross-examination; often the best test of truth.

3. It deprives the defendant of the right to appeal to the Court of Appeals (23 N. Y., 162), and enables a plaintiff to get rid of a troublesome answer, and not only deprive a

Winslow v. Ferguson.

defendant of his defence, but cheat him out of his right to an appeal to the court of the *whole* people ; making the General Term the court of last resort, in a matter finally determining the rights of the parties, however important the issue.

4. On the other hand, by denying motions of this kind, except in cases of evident bad faith or improper motives on the part of defendant, plaintiffs are not prejudiced, but are simply compelled to abide the due and orderly administration of justice.

*S. H. Hammond,* for the respondent.

Present—BACON, FOSTER, MULLIN and MORGAN, JJ.

By the Court—MULLIN, J. Whatever other ingredients are necessary to constitute a sham answer, it is certain that falsity is the principal one. And unless the answer in this case is false it cannot be stricken out on motion.

There is no ground for claiming that the part of the answer that sets up fraud in obtaining the note is false. The plaintiff concedes, for the purpose of the motion, that it is true ; but alleges that so much of the answer as charges that the transfer of the note to him was after maturity, or with notice of any defence to said note is untrue. And it is by reason of the falsity of those allegations only, that he seeks to have the answer stricken out.

Under § 152 of the Code, the court is authorized to strike out an answer or defence as sham or irrelevant. Under this provision I apprehend the court is not authorized to strike out a part of an entire answer or put up a separate defence. The whole must be stricken out or none. The power to strike out part of an answer or a defence must be found in some other provision of the Code or rule of practice in force when the Code took effect and not yet abrogated.

If then, the part of the answer alleged to be false in this case, is not so connected with that part which is admitted to be true, as to vitiate the whole answer or defence, then this motion should have been denied. But if the matter alleged to be false, is so connected with the matter admitted

to be true, as that the latter ceases to be a defence if the matter that is false, is stricken out, then, I think, the falsity being established of such part, the whole should be stricken out. A defence partly true and partly false, the part that is true, standing alone, not forming a defence, constitutes a sham answer, within all the definitions of that term.

The fraud in the inception of the note, is no defence to the note as against the plaintiff, unless the defendants can prove that the plaintiff obtained it after maturity, or with notice of the defence, or did not pay a consideration therefor.

These allegations are contained in the answer; and if they are untrue, then, under the rule stated above, the answer is false, and should be stricken out.

It is a presumption of law that the holder of a negotiable note obtains it before maturity, in good faith, for a valuable consideration.

When the maker, or other party to such paper, proves that it was obtained from him fraudulently, the burden of proof is changed, and it devolves on the holder to prove that he obtained the note before maturity and for value. (*Rogers* v. *Morton*, 12 W., 487 ; Id. 14 W., 575.)

It is alleged in the answer, and not denied by the plaintiff, that the note in suit was obtained by fraud. It devolved upon him, therefore, to establish the facts which must be proved in order to entitle him to recover.

Under this state of things, the portion of the answer of which the truth is not questioned, is a complete defence to the action.

When the plaintiff shall give evidence to show that he acquired title to the note before maturity, &c., the defendant will be at liberty to prove that he is not a holder for value, &c., although such matters were not alleged in his answer.

The plaintiff, in his complaint, has alleged that he is a *bona fide* holder, &c., and those averments are established, in the first instance by presumption. The fraud alleged in the answer, being admitted, the plaintiff is driven to direct proof of the matters affecting his title, thus alleged.

In this aspect of the case, this motion is, in effect, to per-

mit the plaintiff to establish his case by affidavits, and to exclude the defence.

It is wholly immaterial whether the part of the answer assailed by plaintiff's affidavits be true or false, the plaintiff is compelled, by reason of the truth of the residue of the answer, to establish a valid title to the note.

The order appealed from should be reversed, with ten dollars costs.

Order reversed.