McLean, Receiver of Taxes, *v.* Julien Electric Co.

*(Superior Court of New York City, Special Term.*　May, 1892.)

1. Collection of Taxes—Corporations—Income—Pleading.

An answer in an action for taxes, admitting the allegation of the complaint that defendant is a domestic corporation, raises no triable issue by a denial that it derives income from its capital; the inference, in the absence of proof to the contrary, being that capital invested in business yields income, and that a domestic corporation is a stock corporation.

2. Same—Denial of Knowledge.

In an action for taxes the denial of knowledge or information as to the allegations of the complaint relative to the various steps in the tax proceedings raises no issue, such matters being of record, and open to public inspection.

Action by George W. McLean, receiver of taxes, against the Julien Electric Company. Plaintiff contends that the answer is frivolous, and moves for judgment on the pleadings on that ground. Motion granted.

The answer admitted the allegation of the complaint that defendant was a domestic corporation, but denied the allegation thereof that defendant derived income from its capital. Then, after admitting that defendant resided in New York city, and that the taxes sued for had not been paid, it denied knowledge or information as to the other allegations of the complaint, that plaintiff had been appointed receiver of taxes; that defendant had been duly assessed by the tax commissioner a certain amount as a moneyed or stock corporation; that the board of aldermen had confirmed the assessment, and a tax for a certain amount had been imposed on defendant; that the assessment roll, with a warrant for collection annexed, had been delivered to plaintiff; and that, though payment of the taxes had been demanded of defendant, they were still in arrears.

*John C. H. Myers,* for plaintiff.　*D. J. M. O'Callaghan,* for defendant.

McAdam, J. The law will infer (in the absence of proof to the contrary) that capital invested in business yields an income, and that a domestic corporation is a "stock" corporation, so that the denial of these inferential allegations creates no triable issue. The other allegations of the complaint refer to matters of record open to public inspection, in respect to which the denials "of want of knowledge or information" create no issue, for the reason that such want of knowledge and information arises from unwillingness to learn the facts. 2 Wait, Pr. 423. To hold otherwise would encourage willful and intentional ignorance, by making such deliberate want of knowledge and information a good plea. Id. The court of common pleas justly held that to permit a party so circumstanced, with every means of knowledge within his power, to answer that he has no knowledge or information sufficient to form a belief, would be to sanction a palpable evasion; *Ketcham* v. *Zerega,* 1 E. D. Smith, 554. The answer is frivolous, and the motion for judgment thereon must be granted, with costs.