DETERMINED IN THE

# FIFTH DEPARTMENT

AT

# GENERAL TERM,

## July, 1895.

CHARLES F. GOODWIN, Respondent, *v.* JOSEPHINE THOMPSON, Appellant, Impleaded with Others.

*Pleading — decision of the issues on a motion on affidavits, improper — when a pleading is sham.*

Where a party sets up allegations which, if true, constitute a substantial defense, the court has no right to determine, on motion and upon affidavits the issues in the action or the truth of the matters alleged.

The granting of a motion to strike out allegations from an answer is justified only when the pleading is sham, and, therefore, false, in the sense that it is a mere pretense set up in bad faith without color of fact.

In an action brought to foreclose a mortgage given by Ella H. Clements to Charles O. Peckens on or about May 1, 1894, upon property on Raymond street in the city of Rochester, and assigned to the plaintiff on August 10, 1894, the defendant Josephine Thompson interposed an answer in which she alleged that on July 10, 1894, she conveyed certain premises on Saratoga avenue in the city of Rochester to Ella H. Clements, and in part payment received from her a second mortgage upon the Raymond street property; that the negotiations were conducted through Peckens; that he falsely represented to her the value of the Raymond street property and the financial condition of Ella H. Clements, and that the transaction was the result of a conspiracy to defraud her. By the seventh and eighth clauses of her answer she alleged that the assignment of the prior mortgage by Peckens to the plaintiff was a part of this scheme, and that the assignment was merely nominal to the end that the foreclosure might be brought by an outside party who could cut off her equities in the Raymond street property.

Upon motion the court struck out the seventh and eighth clauses as sham and the residue of the answer as frivolous.

*Held,* that, taking all the allegations together, they. raised questions whether the plaintiff was an assignee of the mortgage in good faith as well as for a sufficient consideration, and that such questions were not to be determined upon affidavits.

APPEAL by the defendant, Josephine Thompson, from an order of the Supreme .Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 27th day of March, 1895, striking from her answer paragraphs 7 and 8 as sham, and the remainder of the answer as frivolous, and granting judgment upon the answer.

*C. J. Browning,* for the appellant.

*S. D. Bentley,* for the respondent.

BRADLEY, J. :

The action was brought to foreclose a mortgage made by Ella H. Clements to Charles O. Peckens of date of May 1, 1894, on certain premises situated on south side of Raymond street in the city of Rochester, to secure the payment of $1,700.

The mortgage, with the bond, was assigned by Peckens to the plaintiff August 10, 1894. The complaint alleges that the defendant Thompson has or claims to have some. interest in or claim upon the premises which accrued subsequently to the lien of the mortgage.

The defendant, by her answer, alleged that on or about July 10, 1894, she made to Ella H. Clements a deed of certain premises situate on the west side of Saratoga avenue in the city of Rochester, and, as security for the payment of $1,000 of the purchase money, she received from the grantee her bond with a mortgage. on the Raymond street property, being then advised that there was a prior mortgage of $1,700 on the premises; that the negotiation which resulted in the sale and conveyance by the defendant of her premises to Clements and the taking of the mortgage was had with her by Charles O. Peckens, the plaintiff's assignor of the mortgage in suit. And the defendant alleged that she was induced by the fraudulent representations of Peckens to make the deed to and take the mortgage from Clements, and that the transaction on the part of Peckens in procuring the defendant to part with her title and take

such security was a scheme within the purpose of a conspiracy between Peckens, one Sears, Mary Wheeler, Ella H. Clements and others to perpetrate frauds to the prejudice of others. Apparently and in practical effect the mortgage, as then understood by the defendant, was made upon the equity of redemption of Clements in the Raymond street property, and subject only to the $1,700 mortgage. But the defendant charges that she was induced to make the conveyance and take the mortgage by the false and fraudulent representations of Peckens to the effect that Clements, who was and became liable to pay the moneys secured by the mortgages, was pecuniarily responsible and worth $30,000 and upwards, and that the value of the Raymond street property was upwards of $4,000, but that, in fact, Clements was utterly irresponsible to the knowledge of Peckens, and that she was made the depository of the title of both properties for the purpose of giving the mortgages in aid of and to consummate a scheme for the advantage of those persons so united in purpose and to defraud others, including the defendant. And the defendant also, in substance, charges that the $1,700 mortgage in question on the Raymond street property was not given or intended to secure any valid debt, but was given and intended as a fraudulent cover to enable Peckens and others to carry out the fraudulent scheme mentioned in her answer, and that it, with another mortgage thereon of which she was not advised of $550, prior to that given to her, was greater in amount than the value of that property.

Those facts do not concern the plaintiff, provided he is a *bona fide* purchaser of the bond and mortgage for a valuable consideration. (*Moore* v. *Metropolitan N. Bank*, 55 N. Y. 41 ; *Simpson* v. *Del Hoyo*, 94 id. 189.)

A different question would arise in an action by an assignee of the defendant's mortgage. (*Hill* v. *Hoole*, 116 N. Y. 299.)

The defendant, by the seventh and eighth paragraphs of her answer, upon information and belief, alleges in substance that pursuant to such conspiracy and with such fraudulent purpose those conspirators caused Peckens to make a "nominal assignment" of the bond and mortgage to the plaintiff that it might be foreclosed by an outside party, and thus defeat the rights which the defendant might otherwise have in the Raymond street property as against the mort-

gage; that the plaintiff is not the real party in interest, and that the real persons in interest are "the said Charles O. Peckens, Mary Wheeler and others of said conspirators."

Those two paragraphs, 7 and 8, were stricken out as sham upon motion founded upon affidavits, by which, amongst other facts stated in them, it is made to appear that the plaintiff purchased the bond and mortgage in good faith and paid the full amount thereof for them. The relief given by the order appealed from may in a proper case be granted on motion. (Code Civ. Proc. §§ 537, 538.)

The matters in the answer, exclusive of the allegations in the seventh and eighth paragraphs, constitute no defense as against the plaintiff. But with those of the latter, to the effect that he is not an assignee in good faith of the bond and mortgage, there is sufficient alleged to present a defense, and if the alleged fraud, including the alleged fact they were without valid consideration, is established, the burden of proving that the plaintiff is a *bona fide* assignee for value will be cast upon him. (*Simpson* v. *Del Hoyo*, 94 N. Y. 189; *Starin* v. *Kelly*, 88 id. 418.) The want of ample consideration for that bond and mortgage is an essential element in the alleged defense. The general proposition, that when a mortgage is taken subject to a prior one the junior mortgagee is estopped from attacking the prior one for invalidity, is not necessarily applicable to defeat the defense founded in fraud as against a party not an assignee in good faith of the prior mortgage.

The question, therefore, is whether those paragraphs, 7 and 8, for the purposes of relief upon the motion founded upon affidavits, were properly stricken out as sham. In the legal sense a defense is sham when "it is so clearly false in fact as that it does not in reality involve any matter of substantial litigation." (*People* v. *McCumber*, 18 N. Y. 320.)

The allegations in those two paragraphs alone constitute no defense. The effect of them as such is dependent upon the matters of fraud charged in other portions of the answer, and both are essential to the alleged defense. In view of the fact that the defendant was advised of the prior mortgage in suit at the time she took hers upon the property, and of the facts stated in the affidavits upon which the motion was made, it is difficult to see that the

defendant can reasonably entertain any hopes of making a defense to the action. But in recognition of the rule applicable to such motions, it is not seen that the motion can well be supported.

When a party sets up matters by allegations constituting, if true, a substantial defense, he cannot be compelled to submit to have the issues or the truth of the matters so alleged determined upon motion by affidavits. The granting of such motion is justified only when the pleading is sham, and, therefore, false in the sense of being a mere pretense set up in bad faith without color of fact. (*Kiefer* v. *Thomass,* 6 Abb. Pr. [N. S.] 42; *Farnsworth* v. *Halstead,* 18 N. Y. Civ. Proc. Rep. 570; *Webb* v. *Foster,* 13 J. & S. 311; *Wayland* v. *Tysen,* 45 N. Y. 281.)

It does not necessarily appear that the defendant may not have had some information and belief of the matters alleged in the answer. It is verified, and by affidavit she states that the answer was interposed in good faith.

And although it appears by the facts as stated in the affidavits on the part of the plaintiff very specifically, with circumstances in detail of the transaction of the purchase, that the plaintiff is assignee in good faith and for a valuable and ample consideration, the defendant cannot be required to submit to the disposition of the issues upon affidavits, but is entitled to have them tried in the usual manner. The adoption of any less stringent rule in its application to the present case could be treated as holding that the determination of the question of the truth or falsity of affirmative matter of defense by affidavits upon motion is subject to the discretion of the court and the result made dependent upon the preponderance of fact in that manner presented upon the motion.

It is unnecessary to consider the question relating to the service of the amended answer as there is no essential difference between it and the original one.

The order should be reversed and the motion denied.

LEWIS and WARD, JJ., concurred.

Order reversed and motion denied, with ten dollars costs and disbursements.