(45 Misc. Rep. 130)

### W. J. MORGAN & CO. v. QUO VADIS AMUSEMENT CO.

(Supreme Court, Special Term, New York County.  October, 1904.)

1. CORPORATIONS—ACTION FOR SEQUESTRATION—FRIVOLOUS ANSWER.

> Plaintiff sued to sequester the property of a corporation, and asked for a receiver.  Defendant answered that it had no knowledge or information sufficient to form a belief as to the entry of a judgment against it as alleged in the complaint in favor of plaintiff, and the return of an execution thereon unsatisfied, and also alleged that proceedings for dissolution of the corporation had been begun, but that no judgment in such proceedings had yet been entered.  *Held*, that the answer was frivolous, the entry of the judgment and the return of the execution being a matter of public record, and the proceedings for dissolution— no judgment having been entered—were ineffective to preserve the property as against the sequestration proceedings.

Action by W. J. Morgan & Co. against the Quo Vadis Amusement Company.  Motion for judgment on answer as frivolous.  Granted.

See 81 N. Y. Supp. 394.

Franklin Bien, for the motion.

Alfred Pagelow, opposed.

GILDERSLEEVE, J.  The action is for sequestration of defendant corporation's property and the appointment of a receiver.  The complaint, among other things, alleges the entry of judgment in favor of

plaintiff against defendant corporation, the issuing of execution thereon, and the return of the same wholly unsatisfied. The answer alleges that defendant corporation has no knowledge or information sufficient to form a belief as to the entry of the judgment, and the issuing and return of the execution unsatisfied. The answer, as a separate defense, further alleges the commencement of dissolution proceedings, which have not yet been prosecuted to judgment. The plaintiff moves for judgment on the answer as frivolous. It has frequently been held that an allegation of no knowledge or information sufficient to form a belief as to the allegations of the complaint raises an issue (see Batterman v. Journal Co., 28 Misc. Rep. 375, 59 N. Y. Supp. 965; Grocers' Bank v. O'Rorke, 6 Hun, 18), and such a defense cannot usually be regarded as frivolous. In the case at bar, however, the defendant alleges ignorance as to a judgment and execution against itself, which should be peculiarly within the knowledge of its officers. Moreover, the judgment and execution are matters of public record, open to public inspection, and such want of knowledge and information arises from unwillingness to learn the facts. McLean v. Julien Electric Co. (Super. N. Y.) 19 N. Y. Supp. 906 (McAdam, J.); Ketcham v. Zerega, 1 E. D. Smith, 554. It seems to me that a defendant should not be permitted to use this form of denial if the necessary information is close at hand and easily procurable, as in the case at bar. The separate defense that dissolution proceedings have been begun, but not yet prosecuted to judgment, is not effective, because this fact would not prevent injury to plaintiff that might be irreparable. Before the judgment is entered in the dissolution proceedings, and the receiver therein appointed, the property of the defendant corporation may be entirely dissipated, unless the receiver in this sequestration suit is appointed. I think the motion for judgment on the answer should be granted, with $10 costs.

Motion granted, with $10 costs.