ROCHKIND et al. v. PERLMAN et al.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. PLEADING—ANSWER—DENIAL.
    A denial can never be treated as sham, viz., as false. Only a defense may be treated as sham.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1121.]

2. SAME—FRIVOLOUS PLEADINGS.
    Both denials and defenses may be frivolous. A denial is frivolous when upon its face it is not a denial, and a defense is frivolous when upon its face it is not a defense.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1060, 1061, 1152.]

3. SAME—MOTION FOR JUDGMENT—MOTION TO STRIKE.
    The remedy for a frivolous denial or defense is a motion for judgment thereon. The remedy for a sham defense is a motion to strike it out.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1060, 1061, 1120–1128.]

4. SAME—DENIAL—SUFFICIENCY.
    A denial of any knowledge or information sufficient to form a belief of allegations of the complaint is permitted only out of necessity to meet certain rare cases where the defendant is honestly without any knowledge or information thereof sufficient to form a belief as to their truth or falsity.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 245–248.]

5. SAME.
    This form of denial has to be permissible in the particular case, and followed in all substantial particulars, in order not to be frivolous.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 245–248.]

6. SAME.
    Such form of denial is frivolous where the facts are presumptively within the defendant's knowledge.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1061½.]

7. SAME.
    Such form of denial is also frivolous in a case of intentional ignorance of the defendant, viz., when it is his duty to know or learn the facts, and they are at hand and accessible, as in a public record, for instance.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1061½.]

    Hooker, J., dissenting.

Appeal from Special Term, Kings County.

Action by Samuel Rochkind against Max J. Perlman and others. From an order granting a motion for judgment on an answer as frivolous, defendants appeal. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

William S. Maddox, for appellants.
Abraham B. Schleimer, for respondents.

GAYNOR, J. 1. The notice of motion was for judgment on the answer as "frivolous and sham." This was indiscriminate and inaccurate, for the words are not synonymous, or even like in meaning,

and motion for judgment may be made only on a frivolous answer. The remedy prescribed for a sham defence is a motion to strike it out. A denial can never be treated as sham, but may be frivolous.

There is no defence, i. e., affirmative defence, as it is sometimes called, pleaded in this answer, but only denials, and denials which are sufficient in form may not be struck out as frivolous, and no denial may be considered or struck out as sham. Wayland v. Tysen, 45 N. Y. 281; Meurer v. Brinkman, 25 Misc. Rep. 12, 53 N. Y. Supp. 770. Judgment may be had on a denial on motion, only when upon its face it is frivolous, i. e., not a denial, and on a defence, only when upon its face it is frivolous, i. e., not a defence. No affidavit can be used on such a motion (Code Civ. Proc. § 537); and defences only, and not denials, may be struck out as sham, which means false, which has to be shown by affidavit (section 538). This latter section, that "a sham answer or a sham defence may be stricken out," is no longer strictly accurate since the decision in Wayland v. Tysen, supra, in 1871 that denials may not be struck out as sham, and must be applied as if it only read that "a sham defence" may be struck out. It may seem strange that it has not been amended in the intervening years.

2. As this answer consists of denials only, it could not be treated as sham, as that word applies to defences only, as we have seen. But Mr. Justice Kelly correctly decided that the denials are frivolous, and ordered judgment thereon for the plaintiff.

Only two forms of denial are permitted, viz.:

"A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." Code Civ. Proc. § 500.

The so-called denials in this case purport to be under this latter form. It is permitted only out of necessity, to meet certain rare cases where the defendant is honestly without any knowledge or information of allegations of the complaint sufficient to form a belief of them; does not know whether they are true or false, and is therefore unable to positively deny them. In such a case he is permitted to answer that he denies that he has "any knowledge or information thereof" (i. e., of such allegations) "sufficient to form a belief" of them, i. e., as to their truth or falsity.

This prescribed form of denial has to be (1) permissible in the particular case, and (2) followed in all substantial particulars, in order to be good, i. e., not frivolous.

(a) If the facts alleged in the complaint which are denied by this form of denial are presumptively within the defendant's knowledge, as would be the case of transactions with him personally, for instance, he cannot use such form of denial. It would be a mere evasion, and that the courts will not allow. It was not meant to enable defendants to deny their own personal transactions, but only things which did not come within their personal knowledge. "The true distinction to be observed in determining when a defendant may avail himself of the privilege accorded to him of answering in the qualified form allowed by the Code, and when he must positively admit" (he is not required to make formal admission of anything under our Code) "or

108 N.Y.S.—15

deny the allegations, is to inquire whether the facts alleged are presumptively within the defendant's knowledge. If they are, he cannot avail himself of this form of denial." 1 Encyc. Pl. & Pr. p. 811; and the cases there cited; Singer v. Effler, 16 Misc. Rep. 334, 39 N. Y. Supp. 720; Thorn & Maynard v. N. Y. Cent. Mills Co., 10 How. Prac. 19. This was also the rule in the court of chancery. Hall v. Wood, 1 Paige, 404; Sloan v. Little, 3 Paige, 103.

(b) Nor may this form of denial be used in a case of intentional ignorance of the defendant when it is his duty, as here, to know or learn the facts, and they are at hand and accessible. The appellants became sureties on a bond to pay the judgment on a mechanic's lien if the lienors should recover judgment on such lien, and this action is against the appellants on such bond. It was their duty to pay the said judgment when recovered; and when notified of its recovery, and called upon to pay it, it was their duty to ascertain if it had been recovered. If a defendant's lack of knowledge or information in such a case arises from his unwillingness or refusal to know the facts, a denial in this form is not permissible. A reading of the complaint and answer would show such denial to be frivolous. Having such knowledge or information at hand, he cannot be permitted to deny that he has it, for he has it, but only shuts his eyes to it. And hence in such a case "A party cannot plead ignorance of a public record to which he has access, and which affords him all the means of information necessary to obtain positive knowledge of the facts." 1 Encyc. Pl. & Pr. p. 813; McLean v. Julien Electric Co., 28 Abb. N. C. 249, 19 N. Y. Supp. 906; Zivi v. Einstein, 1 Misc. Rep. 212, 20 N. Y. Supp. 893; Ketcham v. Zerega, 1 E. D. Smith, 553; Morgan & Co. v. Quo Vadis Amusement Co., 45 Misc. Rep. 130, 91 N. Y. Supp. 882; Goodell v. Blumer, 41 Wis. 436; Mulcahy v. Buckley, 100 Cal. 484, 35 Pac. 144. It would be as reasonable to permit him to plead ignorance of facts which he has in his greatcoat pocket or desk. As Mr. Justice Field said in San Francisco Gas Co. v. City of San Francisco, 9 Cal. 453, it is the duty of a defendant to acquire the knowledge and information necessary when it is accessible to him by a public record. Otherwise he is permitted to avail himself of a modified form of denial intended only for defendants who are honestly without knowledge or information, not for defendants dishonestly without it. He cannot be permitted to shut his eyes in the presence of the court and say he cannot see. He must be told to open his eyes and see. Courts do not permit themselves to be fooled.

(c) The first subdivision of the complaint alleges the filing of the mechanic's lien in the Kings county clerk's office on or about September 5th, 1906, and the contents thereof. The answer of the appellants to this is that:

"They have no knowledge or information sufficient to form a belief as to the contents of the said notice or the sufficiency thereof as a compliance with the requirements of the statutes of this state for the purpose of perfecting a mechanic's lien."

In the first place, this is not in the form prescribed by the Code. As we have seen, it requires a denial that the defendant has "any knowledge or information thereof," i. e., of the precise allegations of

fact of the complaint being denied, "sufficient to form a belief" of the same. In this case the denial is not that they have any knowledge or information "thereof" sufficient to form a belief as to the same, which is the particular and restricted denial required, but a denial that they have any knowledge or information in general sufficient to form a belief "as to the contents of such notice," etc. The statute does not prescribe this loose denial, but brings the defendant to a precise test in the forum of his conscience. It is not substantially the denial prescribed. And if it could be treated as a denial, it would still be not of any knowledge or information of the particular allegations of fact of the complaint of the contents of the notice, as it has to be, but of any knowledge or information "as to the contents of the said notice," all of its contents, its contents generally, whereas no part of its contents except those alleged in the complaint are issuable by a denial. In the next place, and aside from the departure from the form of denial prescribed by the Code, such a denial was not permissible in respect of the allegation of the filing or of the contents of the notice of lien, for the said notice was a public record in the county, and if the defendants lacked any knowledge or information of it, it was willful and intentional, for it was their duty to inform themselves of its filing and contents. This is all on the assumption on both sides that the filing of the notice of lien and its contents are material facts at all in the action, and needed to be alleged in the complaint.

The third subdivision of the complaint alleges the giving of the bond, the filing thereof in the Kings county clerk's office, and that the plaintiff thereafter brought an action in the Supreme Court against the landowner, the principal thereon, to foreclose the said lien, that he answered, and that the action was tried, and a judgment was obtained and entered establishing the plaintiff's said lien, and adjudging the amount due to the plaintiff; and that a copy of the said judgment was served on the defendants herein, and that 10 days have elapsed since such service. These allegations are also denied in the same form. In respect of whether a copy of the judgment was served on them, the appellants had personal knowledge of that allegation, and had to answer it positively; and in addition to the defect in the form of the denial which has already been pointed out, and is persisted in throughout the answer—viz., failure to deny any knowledge or information "thereof"—knowledge and information of the said other allegations are all accessible to them in the judgment roll filed in the said action. The same is the case of the allegation in the fourth subdivision of the complaint of the obtaining and entry of an order granting leave to begin this action, which is also denied in the same form.

It would serve no purpose to review the varying minor decisions on the questions here discussed. While there is no controlling authority in this state, the great weight of reason is in accordance with the foregoing conclusions.

The order should be affirmed.

Order and judgment affirmed, with costs and disbursements. All concur, except HOOKER, J., who dissents.