**ROCHKIND et al. v. PERLMAN et al.** (Supreme Court, Appellate Division, Second Department. January 24, 1908.) For majority opinion, see 108 N. Y. Supp. 224.
HOOKER, J. (dissenting). The action is to recover from the defendants as sureties upon a bond given to discharge of record a mechanic's lien filed by the plaintiffs. The action against the principal debtor to fix the amount of the lien had proceeded to judgment, so it is alleged in the complaint, in favor of the plaintiffs before the commencement of this action. This and other allegations of the complaint the defendants put in issue by denying knowledge or information sufficient to form a belief. The plaintiffs moved at Special Term upon the pleadings for judgment "upon the ground that the answer interposed herein is frivolous and sham." An order was made granting the motion and directing judgment. Judgment was entered, and the defendants appeal from the judgment and order. There is a wide distinction between a motion for judgment on the ground that the pleading is frivolous and a motion to strike out a sham answer or sham defense. A motion for judgment on the ground that the answer is frivolous is provided for in section 537 of the Code of Civil Procedure, and must be made upon a notice of not less than five days. The motion must be determined by inspection of the pleading itself, and affidavits are not receivable. Dancel v. Goodyear Shoe Machinery Co., 67 App. Div. 498, 73 N. Y. Supp. 875. A frivolous answer is one which, if true, does not contain any defense. Youngs v. Kent, 46 N. Y. 672. On the other hand, a sham answer or defense is one that is false, good on its face, but setting up matter which is untrue. Goodwin v. Thompson, 88 Hun, 598, 34 N. Y. Supp. 769; Merritt v. Gouley, 58 Hun, 372, 12 N. Y. Supp. 132. The essential element is falsity (Winslow v. Ferguson, 1 Lans. 436), and the motion calls for a termination whether the answer or defense is true or false (Howe v. Elwell, 57 App. Div. 357, 67 N. Y. Supp. 1108); and hence affidavits are receivable. In the case of frivolous pleadings, the motion is for judgment; in the case of a sham answer or defense, the motion is to strike out the pleading. The present motion is for judgment on the ground the pleading is frivolous, and this, although the word "sham" is mentioned in the notice of action; for the motion is in terms for judgment, and no papers are recited in the order as having been used upon the motion save the pleadings themselves. The remedy which the plaintiffs have adopted requires that they fix the amount of the lien in an action against the principal debtor before suing the sureties, and they state in their brief that this is incumbent upon them. Inasmuch as this is

put in issue by the answer, it must be perfectly apparent that the answer is not frivolous, for it puts in issue a material allegation of the complaint. The question whether the defendants verified a false answer when they denied knowledge or information sufficient to form a belief in relation to the pendency and result of the prior action goes to the truth of the answer, and not to its sufficiency in form. This question of veracity cannot be dealt with upon a motion for judgment upon the ground that the answer is frivolous. If it can be discussed at all, the discussion must be in a motion to strike out the pleading as sham; but whether such relief may be granted is not here for our decision, and we do not determine the question. The judgment and order should, therefore, both be reversed, with costs.