### JURGENS v. WICHMANN et al.

(Supreme Court, Appellate Division, Second Department.    February 28, 1908.)

1. PLEADING—SUFFICIENCY OF DENIALS—DENIAL OF KNOWLEDGE OR INFORMATION.

A subdivision of an answer, that defendant "denies knowledge or information sufficient to form a belief as to the truth in any of the allegations" in paragraphs specified of the complaint, is not, as required, in strict compliance with Code Civ. Proc. § 500, permitting issue to be joined on allegations of the complaint by a denial "of any knowledge or information thereof sufficient to form a belief," as failing to deny that defendant has any knowledge or information, or that he has knowledge or information "thereof," and hence does not put in issue such allegations of the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 245–248.]

2. BILLS AND NOTES—NOTICE OF DISHONOR—TIME FOR GIVING.

Under Negotiable Instruments Law, Laws 1897, p. 741, c. 612, § 174, providing that, if parties reside in the same place, notice of dishonor must be given by the day following dishonor, and section 175, providing that, if parties reside in different places, notice of dishonor, if sent by mail, must be deposited to go the day following dishonor, or, if given otherwise than through the post office, then within the time that notice would have been received in due course by mail, where the indorsee of a check deposited the same in his bank for collection, the bank had until the day following dishonor to give notice, and under section 178, providing that, where a party receives notice of dishonor, he has the same time for giving notice to antecedent parties that the holder has after dishonor, the indorsee had until the day following notice to him to give notice to payee, and a notice so given was in time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1171, 1172.]

Appeal from Municipal Court of New York.

Action by William B. A. Jurgens against Herman H. Wichmann and John J. Schluter. Judgment for plaintiff, and defendant Wichmann appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Franklin Taylor, for appellant.
Joseph M. Gazzam, Jr., for respondent.

GAYNOR, J. This is an action by the holder of a check on a bank against the maker and payee. The former did not answer. The latter appeals. The payee endorsed the note to the plaintiff. The first point made is that there was no evidence that the check was presented for payment and payment refused. There was no issue on that head. It is alleged by the fifth subdivision of the complaint that the check was presented to the bank on which it was drawn and payment demanded; by the sixth that the bank refused payment; by the seventh that the maker had directed the bank to stop payment; and by the ninth that there is owing to the plaintiff from the defendants the amount of the said note. The first

subdivision of the answer purports to deny the allegations of these subdivisions of the complaint as follows:

"Denies knowledge or information sufficient to form a belief as to the truth in any of the allegations in paragraph V, VI, VII and IX, of the complaint."

This is no denial. Section 500 of the Code of Civil Procedure permits issue to be joined on allegations of the complaint by a denial "of any knowledge or information thereof sufficient to form a belief." This means that the defendant must deny that he has any knowledge or information thereof, i. e., of such allegations, sufficient to form a belief as to their truth. The so-called denial in this answer does not deny that the answering defendant has any knowledge or information, etc., nor does it deny that he has knowledge or information "thereof," but only knowledge or information in general. This is too slovenly and loose. This artificial form of denial has to be followed with substantial strictness in order to be good. Rochkind v. Perlman (Sup.) 108 N. Y. Supp. 224. The point is also made that notice of dishonor was not given to the appellant in time. The evidence is that the plaintiff endorsed and deposited the check in his bank for collection on July 28th, and that he notified the appellant by telegraph on July 30th of its dishonor. The evidence is that this was done immediately after the plaintiff had received notice of such dishonor from his bank. By sections 174 and 175 of the negotiable instruments law (Laws 1897, p. 741, c. 612) the plaintiff's bank had until the day following the dishonor to give him notice, which would be July 29th, and by section 178 the plaintiff had until the day following notice to him to give the appellant notice.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur; RICH, J., in result.