(79 Misc. Rep. 247.)

### GIBBS v. TITLE GUARANTY & SURETY CO.

(Supreme Court, Appellate Term, First Department.    February 7, 1913.)

1. PLEADING (§ 362*)—STRIKING OUT SHAM DEFENSE.
    Paragraphs of an answer containing denials of the complaint's allegations cannot be stricken out as sham.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.*]

2. PLEADING (§ 346*)—JUDGMENT ON MOTION—FRIVOLOUS ANSWER.
    A judgment for plaintiff can be granted on the ground that the answer is frivolous only where its frivolous character appears plainly on its face.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1060–1064; Dec. Dig. § 346.*]

3. PLEADING (§ 345*)—JUDGMENT ON MOTION—GROUNDS.
    Where an answer contains denials of material allegations of the complaint, judgment for plaintiff on the pleadings is improperly granted.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

4. UNDERTAKINGS (§ 6*)—EXTENT OF LIABILITY.
    In an action on an undertaking given to secure a stay of proceedings in a former action, conditioned for the payment of all damages suffered or sustained by plaintiff by reason of such stay, plaintiff cannot recover the amount of the judgment in the first action, upon proof that the judgment debtor is a bankrupt and that execution has been issued and returned unsatisfied, without proving that the judgment debtor was solvent when the undertaking was given.

    [Ed. Note.—For other cases, see Undertakings, Cent. Dig. § 3; Dec. Dig. § 6.*]

Appeal from City Court of New York, Special Term.

Action by Lippmann D. Gibbs against the Title Guaranty & Surety Company. From an order striking out certain paragraphs of the answer, and granting judgment to plaintiff, defendant appeals. Reversed, and motion to strike out and for judgment denied.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Adrian T. Kiernan, of New York City, for appellant.

Goldsmith, Rosenthal, Mork & Baum, of New York City .(Joseph M. Baum and Milton M. Goldsmith, both · of New York City, of counsel), for respondent.

SEABURY, J.   This is an appeal from an order striking out certain paragraphs of the answer as "sham" and granting judgment on the answer "as frivolous."   The action is brought upon an undertaking given by the defendant.   The complaint alleges that the plaintiff, on March 17, 1911, commenced an action in the City Court against one Kahn to recover $549.35, and that on that date Kahn obtained an order staying proceedings on the part of the plaintiff upon giving an undertaking which is the subject of the present action.   The condition of the undertaking was that the defendant did—

"undertake that the defendant will pay all damages which the plaintiff may suffer or sustain by reason of said stay of proceedings, not exceeding $750."

The complaint alleges that, by virtue of the giving of said undertaking, the proceedings on the part of the plaintiff against Kahn were stayed until July 1, 1912, when judgment was entered in favor of the plaintiff against Kahn for $644.37, and that execution was issued against Kahn and returned unsatisfied.   The complaint further alleges that on July 1, 1912, said Kahn was duly adjudicated a bankrupt and was wholly insolvent, and that on March 17, 1911, and within three months thereafter, Kahn was solvent.

The answer admits that the action of the plaintiff against Kahn was pending, that the order staying proceedings in that action was made, that the defendant gave the undertaking referred to, that execution was issued and returned unsatisfied, and that Kahn was duly adjudicated a bankrupt on July 1, 1912.   The other material allegations of the complaint are denied by the answer.   As a separate and partial defense, the answer sets forth affirmatively the facts alleged in the complaint, which are not denied by the answer.   The plaintiff moved to strike out the first, second, and fourth paragraphs of the answer as sham, and for judgment on the answer as frivolous, "and for such other and further relief as to the court may seem just and proper."

[1, 2]  The first, second, and fourth paragraphs of the answer contain denials of the allegations of the complaint, and could not properly be stricken out as sham.   Wayland v. Tysen, 45 N. Y. 281.   Strictly speaking, a judgment can only be had on motion on the ground that the answer is frivolous, where its frivolous character appears plainly on the face thereof.   Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151.

[3]  If, however, we disregard these technical objections, and consider the motion as having been made under section 547 of the Code of Civil Procedure, it is nevertheless clear that it was improperly granted.   The denials contained in the answer put in issue material allegations of the complaint, and could not be summarily disregarded.

[4]  Moreover, the condition of the undertaking was that the defendant would pay "all damages which the plaintiff may suffer or sus-

tain by reason of said stay of proceedings." Such being the condi-tion of the undertaking upon which the action is brought, it is incumbent upon the plaintiff, in order to recover, to prove that he has sustained damage as the result of the stay. The undertaking did not provide, as the plaintiff seems to assume, that the defendant would pay any judgment recovered against Kahn, but was limited to requiring the defendant to pay the damages sustained by reason of the stay. In order to prevail in the action, therefore, the plaintiff must prove that, at the time the stay was given, Kahn was solvent. It is not enough to rely on the fact, which is not disputed, that, on July 1, 1912, Kahn was adjudicated a bankrupt.

Order reversed with $10 costs and disbursements to the appellant, and the motion is denied, with $10 costs. All concur.