(79 Misc. Rep. 550.)

## SMITH v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Special Term, Kings County.   February 10, 1913.)

1. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—MOTIONS—PROCEDURE.

The court, on motion for judgment on the pleadings, may order judgment thereon for defendant, unless plaintiff shall within a limited time serve a verified reply to the affirmative allegations and defenses of the answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054; Dec. Dig. § 350.*]

2. PLEADING (§ 176*)—FORM OF DENIAL—SUFFICIENCY.

A reply in which plaintiff denies that she has any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third and fourth allegations of the answer is not bad in form, on the ground that it is not a denial of any specific allegation or all in general.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 343, 345-353; Dec. Dig. § 176.*]

3. PLEADING (§ 176*)—FORM OF DENIAL—SUFFICIENCY.

Where defendant, in pleading its first separate defense, numbered it as the third paragraph of the answer, and designated its second separate defense as the fourth paragraph, a reply which denies that plaintiff has any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth allegations of the answer is sufficient to enable defendant to determine what allegations are denied.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 343, 345-353; Dec. Dig. § 176.*]

4. PLEADING (§ 34*)—SUFFICIENCY.

Where the intent of the pleader is plain, and he makes use of the customary legal formulas with substantial accuracy, the pleading should not be deemed insufficient by an adherence to the technicalities of forms of pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66-75; Dec. Dig. § 34.*]

5. PLEADING (§ 347*)—ANSWER—REPLY—SUFFICIENCY.

Where none of the allegations of the third paragraph of the answer, setting up a separate defense, relates to any matter even presumptively within the knowledge of plaintiff, and the fourth paragraph, setting up a separate defense, consists in part of allegations as to which plaintiff ought not to be allowed to deny knowledge or information sufficient to form a belief, a reply in which plaintiff denies that she has any knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraphs is good at least in part, and a judgment on the pleadings cannot be granted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1052; Dec. Dig. § 347.*]

Action on a life policy by one Smith against the Metropolitan Life Insurance Company.   Motion for judgment on the pleadings denied.

Daniel Brown, of New York City, for plaintiff.

Winne & Frey, of Jamaica, for defendant.

BENEDICT, J.   [1] This court by order dated November 7, 1912, ordered judgment on the pleadings herein in favor of the defendant,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

unless the plaintiff should within a time limited by the order serve a verified reply to the affirmative allegations and defenses set up in defendant's answer. The court was warranted in so doing; an authority in point being Rogers v. M. R. F. Life Association, 1 How. Prac. (N. S.) 194, decided by Mr. Justice Bartlett at Kings County Special Term in 1885, but, even though there were doubt as to the necessity for a reply on the ground that plaintiff would have to prove performance of all the conditions and requirements of the policy before he could recover a judgment, the plaintiff did not appeal from the order, but has yielded obedience to it and served an amended reply, and the defendant now moves for judgment on the pleadings on the ground that the amended reply is insufficient in law. The reply contains two paragraphs, in the first of which the plaintiff "denies that she has any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third allegation of the answer," and in the second the same form of denial is used with respect to the "fourth allegation." It is contended by the defendant that this form of denial is bad because first it "is not a denial of any specific allegation or all in general," and, secondly, that, "since 'allegations' cannot be contained in a single 'allegation,' it is utterly impossible for the defendant to determine to what allegation or allegations the plaintiff's attempted denial applies."

[2] In support of its first objection, the defendant cites the well-known decision of Mr. Justice Gaynor in Rochkind v. Perlman, 123 App. Div. 808, 811, 108 N. Y. Supp. 224, 227, but an examination of the denial in that case clearly shows that the vice there pointed out is not evident here. The denial there condemned was not of any allegation, but merely of and "as to the contents of the said notice," etc. Nothing of the sort is found in the present case. The defendant also cites Judge Gaynor's decision in Jurgens v. Wichmann, 124 App. Div. 531, 108 N. Y. Supp. 881, but the flaw which he there pointed out was in the generality of the denial, and that it was not a denial of the pleader's own knowledge or information. In the present case, however, the plaintiff denies that she has any knowledge, and so I think the case cited is inapplicable. I do not understand Judge Gaynor to hold, as Mr. Justice Seabury appears to think he did (see White v. Gibson, 61 Misc. Rep. 436, 113 N. Y. Supp. 983), that the form of denial was bad because it embraced denials of allegations contained in more than one paragraph of the complaint, but only that it was bad because of its failure to deny the pleader's own knowledge or information. If, however, Judge Seabury's interpretation be correct, the defendant itself in the present case has committed the same fault in its attempted denials contained in paragraph I of its answer, and it may not be inappropriate to notice that the form of denial used in its paragraph numbered II also comes within the limits of the criticism of Mr. Justice Gaynor in Jurgens v. Wichmann, supra.

[3] With reference to the second objection relied on by the defendant as stated above, I think it is sufficient to say that the fault, if there be any, is fully as much that of the defendant as it is of the plaintiff, because the defendant in pleading its first separate defense

was not content to denominate it as such, but numbered it as the third, "III," paragraph of its answer, and similarly designated its second separate defense as fourth, "IV." It should not be hypercritical, if the plaintiff, being required by its special motion to reply to the new matter contained in these two paragraphs, makes use of the same numerical designation. The defendant certainly cannot claim that it does not comprehend which of its allegations are controverted; and while, perhaps, the use of the words "third allegation" and "fourth allegation" is not so precise as if the word "paragraph" had been employed, yet I am utterly unable to see how, under all the circumstances of the case, the defendant could mistake the parts of its answer which the plaintiff, in obedience to the order of the court, intended to controvert by her reply.

[4] Too great stress is sometimes laid by pleaders on unimportant and technical details of pleading; and while the courts should not permit, as Mr. Justice Gaynor remarked, "slovenly and loose pleading," substance should not be sacrificed to artificial form, and where the intent of the pleader is plain, as it is here, and he makes use of the customary legal formulas with substantial accuracy, judges should not split hairs to throw him out of court and thereby prolong strife and litigation. The chief and highest function of courts is to end litigation according to the "right and justice of the matter," not to prolong it needlessly through too technical a regard for precedents or forms of pleading.

[5] Nor do I think I would be warranted in granting judgment for the defendant on the reply on the ground that the plaintiff denies knowledge or information sufficient to form a belief as to the truth or falsity "of the allegations" set forth in the third and fourth "allegations" of the answer, respectively, instead of denying in this form "each and every" allegation of the paragraphs in question. See Kirschbaum v. Eschmann, 205 N. Y. 127, 131, 98 N. E. 328. None of the allegations of the third paragraph of the answer relates to any matter even presumptively within the knowledge of the plaintiff. It may be true that the denial relating to the fourth paragraph of the answer would fall within the condemnation of the case last cited, because that paragraph consists in part of allegations as to the terms of the contract of insurance, as to which, perhaps, the plaintiff ought not to be allowed to deny knowledge or information sufficient to form a belief. But, the reply being good at least in part, judgment on the pleadings cannot be granted.

Motion denied, with costs.