FRANK M. LEONARD, as Receiver of the Personal Property of
BASIL S. FINK, Plaintiff, *v*. BASIL S. FINK and ELLA C. FINK,
Defendants.

Supreme Court, Allegany County, September, 1922.

Sales — fraud — debtor and creditor — sale of goods in bulk by husband
to wife — when void as to husband's creditors although made in satis-
faction of a judgment — failure to give notice — action by receiver in
supplementary proceedings to set aside sale and for an accounting —
Personal Property Law, § 44.

A sale by a husband to his wife of his entire stock of merchandise in bulk in settle-
ment of a judgment obtained against him by her, made through the medium of
the judgment, execution, levy, bill of sale and satisfaction of the judgment to
the extent of the inventoried value as the consideration therefor, is void under
section 44 of the Personal Property Law as against the creditors of the husband
unless both he and his wife gave notice of the proposed sale to such creditors five
days before it was made.

In an action by the receiver in supplementary proceedings in the property of the
husband to procure a judgment declaring the sale of the merchandise to be
void as against the judgment creditor and that the wife account to plaintiff
for the stock of merchandise received by her to the extent of the judgment
obtained by the judgment creditor represented by plaintiff, it clearly appeared
that the goods were neither advertised nor exposed for sale upon the execution
issued upon the judgment obtained by the wife and that none of the usual
formalities of a sheriff's sale on execution were observed. *Held*, that the sale
to the wife was void as against the creditor represented by plaintiff who was
entitled to a judgment setting aside such sale and that the defendant wife
account to plaintiff for the stock of merchandise received by her to the extent
of the amount of the judgment recovered by the creditor represented by plaintiff
against the husband, with interest and costs.

ACTION to set aside sale of personal property.

*Lee & Dowling*, for plaintiff.

*George H. Blackman*, for defendants.

BROWN, J.   On September 13, 1918, a judgment was rendered,
entered and docketed in the Oneida county clerk's office in an action
in the Supreme Court in favor of the F. W. Sessions Millinery Com-
pany and against the defendant Basil S. Fink for $264.41.   The
judgment roll in evidence discloses that judgment was awarded upon
an indebtedness owing by Basil S. Fink for goods, etc., purchased
prior to April 6, 1918, and that the millinery company was a
creditor of said Fink.   The complaint in this action alleges that
a transcript of the aforesaid judgment was duly filed in the Allegany
county clerk's office September 26, 1918; that an execution was
thereafter issued to the sheriff of Allegany county to recover the
amount of said judgment which has been returned by such sheriff

wholly unsatisfied. These allegations are not denied by the answers of either defendant. *Rochkind* v. *Perlman*, 123 App. Div. 808. By an order made December 6, 1918, by the county judge of Allegany county in proceedings supplementary to execution upon the application of the F. W. Sessions Millinery Company under the above-mentioned judgment against Basil S. Fink this plaintiff was duly appointed receiver of the property of Basil S. Fink. The plaintiff duly qualified as such receiver.

On March 20, 1918, the defendant Ella C. Fink commenced an action against her husband, the defendant Basil S. Fink, to recover $4,000 and interest from March 11, 1905, upon a promissory note made and delivered to her by him whereby he promised for value received to pay that sum in one day to Ella C. Fink. On April 11, 1918, judgment was duly entered in the Allegany county clerk's office and docketed therein in favor of Ella C. Fink against Basil Fink for $7,157.79 upon the default of Basil S. Fink. On August 24, 1918, an execution was issued upon said judgment, delivered to a deputy of the sheriff of Allegany county, N. Y., on August 26, 1918, who on August 27, 1918, levied upon a stock of merchandise and fixtures constituting the stock of millinery carried by Basil S. Fink in conducting a millinery store in Wellsville, N. Y. Basil S. Fink offered to turn the stock of merchandise over to apply on the execution; the deputy sheriff inquired of the attorney for Ella C. Fink if he would accept the offer; the attorney took the inventory that had been made under the direction of the sheriff and sent it to Ella C. Fink in Pennsylvania, asking her whether she would accept the inventory on the execution; after receiving the inventory back from Ella C. Fink, her attorney took it to Basil S. Fink and told him the proposition was accepted; thereupon and on September 4, 1918, a bill of sale was made and executed by Basil S. Fink whereby he sold to Ella C. Fink the stock of merchandise at the inventoried value of $2,542.60, delivering the bill of sale to the sheriff who was told by the attorney for Ella C. Fink that he would accept it; thereupon the sheriff delivered the bill of sale to the attorney for Ella C. Fink; the sheriff then directed the attorney to draw a transfer or receipt on the execution, whereupon the attorney indorsed upon the back of the execution as follows: " October 18, 1918, Received on the within execution in bill of sale of goods, merchandise & fixtures in store the sum of $2,542.60, on the 4th day of September, 1918, George H. Blackman, attorney for plaintiff." On October 18, 1918, the sheriff indorsed a return on the execution as unsatisfied except the sum of $2,542.60 as having been collected thereon, and the same was filed in the office of the Allegany county clerk on April 23, 1922.

The defendant Ella C. Fink took possession of the stock of merchandise, the store and business on September 4, 1918, in settlement of her judgment against her husband to the extent of $2,542.60 which was the consideration stated in the bill of sale.

This action is brought to procure a judgment declaring the sale to Ella C. Fink to be void as against the judgment creditor, F. W. Sessions Millinery Company, and that she account to the plaintiff for the stock of merchandise received by her to the extent of the judgment against Basil S. Fink. The complaint is based upon section 44 of the Personal Property Law charging the non-compliance by Ella C. Fink with the requirements of that statute relative to the sales of stocks of merchandise in bulk, in that she failed to demand of the seller the names of his creditors, and failed to notify such creditors of the proposed sale five days before September 4, 1918.

The statute provides that the purchaser who shall not conform to such requirements shall upon application of any of the creditors of the seller become a receiver and be held accountable to such creditors for all the goods that have come into his possession by virtue of such sale.

The defendant's contention that Ella C. Fink is not accountable to the plaintiff, and that plaintiff cannot maintain this action cannot be upheld. The plaintiff as receiver of Basil S. Fink in supplementary proceedings is vested with the legal title to his personal property; the plaintiff also represents the creditor under whose judgment he was appointed, and has the same rights the creditor possesses to prosecute actions to set aside all transfers of property made by the debtor to the injury of his creditors. *Mandeville* v. *Avery*, 124 N. Y. 376. The sale by Basil S. Fink to his wife, Ella C. Fink, of the entire stock of his merchandise in bulk on September 4, 1918, was a sale otherwise than in the ordinary course of trade and in the regular prosecution of his business as a milliner even though made through the medium of the judgment, execution, levy, bill of sale, and satisfaction of the judgment to the extent of the inventoried value as the consideration therefor. Such a sale is declared by the statute to be void as against the creditors of the seller, unless the seller and purchaser shall give certain notice to such creditors five days before such sale.

Defendants contend that the stock of merchandise was sold on the execution issued upon the judgment of Ella C. Fink against Basil S. Fink; that it was a judicial sale made in pursuance of law, and that section 44 of the Personal Property Law has no application. It clearly appears that the goods, etc., were not advertised for sale upon the execution; that they were not exposed

for sale; that none of the usual formalities of a sheriff's sale on execution were observed. A levy was made, an inventory was made, the debtor proposed to turn the seized property over to the sheriff to apply on the execution; the debtor's proposition was accepted by the creditor, the bill of sale by the debtor to the creditor was executed and delivered and the creditor went into possession, the inventoried value being the consideration for the bill of sale, that amount indorsed upon the execution as having been received by the creditor in the bill of sale of the goods, and the execution being returned as unsatisfied as to the balance of the judgment debt.

While it is true that Ella C. Fink received possession through the medium of the execution, yet her title came from Basil S. Fink; she took title through the bill of sale paying its consideration by reducing her judgment in the sum of $2,540.60; it was not a judicial sale in the sense that the debtor's property was sold by a sheriff's sale on the execution in the manner provided by law. It may be that a purely judicial sale would not be within the terms of the bulk sales act; a judicial sale on an execution requires at least six days' previous notice of the time and place to be given by posting conspicuously written or printed notices thereof in at least three public places of the town where the sale is made (Code Civ. Pro. § 1429); such a sale is a public sale of which all creditors have such notice as the posting of notice of sale secures. It is the secret selling of a stock of merchandise in bulk that the statute prohibits.

The conclusion is reached that the sale by the defendant Basil S. Fink to the defendant Ella C. Fink of the stock of merchandise was void as against the creditor of Basil S. Fink, the F. W. Sessions Millinery Company; that the plaintiff is entitled to a judgment setting aside such sale as against the F. W. Sessions Millinery Company, and that the defendant Ella C. Fink account to the plaintiff for the stock of merchandise received by her September 4, 1918, to the extent of the amount of the judgment of the F. W. Sessions Millinery Company against Basil S. Fink, the sum of $264.41 and interest thereon, the sum of $63.46; in all the sum of $327.87; that the plaintiff recover the costs of this action.

Judgment accordingly.